452 So.2d 400 (1984)
Warren Joseph LANDRY, and Rodell Joseph Landry, Plaintiffs-Appellees,
v.
Charles BEAUGH, Jr., Defendant-Appellant.
No. 83-756.
Court of Appeal of Louisiana, Third Circuit.
June 27, 1984.
Writ Denied October 12, 1984.
Cecil R. Sanner, Lake Charles, for defendant-appellant.
J. Douglas Handley, Lake Charles, for plaintiffs-appellees.
Before DOMENGEAUX, C.J., and FORET and STOKER, JJ.
FORET, Judge.
Plaintiffs, Warren Joseph Landry and his wife, Rodell Landry, filed this suit seeking to redeem property which was sold at a tax sale to the defendant, Charles Beaugh, Jr. In addition, they sought to have the tax sale declared a nullity on the grounds that they were not given sufficient notice of tax delinquency. From a judgment in favor of the plaintiffs, defendant has taken this appeal.
On appeal, two questions are presented for review:
(1) Whether the trial court erred in its finding that the plaintiffs did not receive sufficient notice of tax delinquency; and
(2) Whether the three-year prescriptive period for redeeming property sold at a tax sale is suspended until the tax debtor is dispossessed.

FACTS
By deed dated August 7, 1975, plaintiffs purchased certain immovable property located in Lake Charles, Louisiana. The couple has been in continuous possession since that time. Unfortunately, plaintiffs failed to pay taxes on the property for 1977. They did manage to obtain, however, a delayed homestead exemption which was *401 filed on April 10, 1978. Since the homestead exemption was not sufficient to cover all the taxes owed, plaintiffs were still delinquent by some $1600. Subsequently, the property was sold at a tax sale to defendant by tax deed dated June 20, 1978.
On August 16, 1981, more than three years, but less than five years[1] after the recordation of defendant's tax deed, plaintiffs filed this suit. The trial court rendered judgment in favor of the plaintiffs on the ground that the prescriptive period for redeeming the property had not yet run and that the tax sale was a nullity on the grounds of inadequate notice of delinquency

NOTICE OF DELINQUENT TAXES
Defendant contends that the trial court erred in holding that the plaintiffs did not receive sufficient notice of tax delinquency.
Title 47 of the Louisiana Revised Statutes sets forth the procedure for giving notice of taxes as well as the requirements for a tax sale. LSA-R.S. 47:2101 requires the tax collector to send a tax notice stating the amount of taxes that are presently due by the owner of the property. When taxes become delinquent, LSA-R.S. 47:2180[2] and Art. VII, § 25(A) of La. Const.1974 provide that the giving of notice of delinquency is mandatory before a tax sale can be valid.
LSA-R.S. 47:2180 also provides in paragraph B that the tax collector must file a proces verbal in the clerk of court's office setting forth the names of the notified delinquents, their addresses, descriptions of the property, amount of taxes due, and how service of notice was made. It is undisputed that in the case at bar this proces verbal was never filed. Where a proces verbal is not filed, the burden of proof is on the tax purchaser to show by clear and convincing proof that the necessary notice was conveyed to the tax debtor. Succession of Windes v. Yerger, 234 So.2d 224 (La.App. 2 Cir.1970).
The record shows that the only evidence presented by the defendant to show that adequate notice was given was a certified letter sent to Mr. Landry which was marked "No Response and Notified 4/22/78". There was no indication as to the identity of the postman or whether he ever attempted delivery a second or third time. This *402 letter was returned to the tax collector's office.
Where the mailing of a tax notice is required, and a mailed notice is returned to the tax collector undelivered or unclaimed, the tax collector is required to take additional reasonable steps to notify the tax debtor, and the failure of the tax collector to perform this obligation renders the tax sale null and void. Childress v. Johnson, 387 So.2d 1217 (La.App. 1 Cir.1980), writ denied, 393 So.2d 744 (La.1980).
We find no evidence which indicates that the tax collector's office took any additional steps to notify plaintiffs after the certified letter was returned to them by the post office. Furthermore, we can find no evidence which would indicate that the failure to receive the notice was due to plaintiffs' own fault. Securities Mortgage Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979).
We conclude, as did the trial court, that the defendant did not carry his burden of proving that proper notice of tax delinquency had ever been given to the plaintiffs.

REDEMPTION
The trial court also found that the three-year prescriptive period for redeeming the subject property had not yet run against the plaintiffs. There is jurisprudence to the effect that physical possession of the taxed property by the tax debtor interrupts the five-year prescriptive period for annulling a tax sale, but does not interrupt the three-year prescriptive period for redemption. Securities Mortgage Co., Inc. v. Triplett, supra. The lower court, in the case at bar, held that LSA-R.S. 47:2221, as amended by § 1 of Act 557 of 1978[3], effectively overruled this jurisprudential rule so that possession would also interrupt the prescriptive period for redemption.[4] Thus, the trial court found that because the plaintiffs were in possession of the property, the three-year prescriptive period for redemption had not yet elapsed. Because we find that the tax sale was a nullity, we need not reach this second issue concerning redemption rights.
For the aforementioned reasons, the judgment of the trial court annulling and setting aside the tax sale upon payment of all back taxes, interest, and penalties is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The prescriptive period for redemption of the taxed property is three years from the date of recordation of the sale. Art. VII, § 25(B), La. Const. 1974. The prescriptive period for annulling the sale is five years from date of recordation. Art. VII, § 25(C), La. Const. 1974.
[2] LSA-R.S. 47:2180 provides:

"§ 2180. Immovable property, notice of delinquency
A. On the second day of January each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes, which have been assessed to him on immovable property, or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect actual mailing costs of each certified, with return receipt, notice, and mileage shall be charged for service of this notice. A like charge will be made if the property is adjudicated to the state or any subdivision thereof."
[3] This section provides:

"§ 2221. Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to effect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
Amended by Acts 1978, No. 557, § 1.
1978 Amendment: Substituted "Section 25 of Article VII of the constitution of 1974" for "Section 11 of Article X of the Louisiana Constitution." and added the provision concerning prescription against tax debtor-owners."
[4] We note that in Securities Mortgage Co., Inc. v. Triplett, supra, the Court stated at page 1231, in footnote 4:

"... Whatever effect the amendment may have on the constitutional and statutory scheme in the future concerning redemption, annulment of tax sales, and quieting tax titles, it does not affect the present case. All of the facts of this case arose prior to the amendment."