455 So.2d 699 (1984)
ANADARKO PRODUCTION COMPANY, Plaintiff-Appellee,
v.
CADDO PARISH SCHOOL BOARD, et al., Defendants-Appellants.
No. 16332-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Writ Denied November 16, 1984.
*700 Blanchard, Walker, O'Quin & Roberts by John T. Cox, Jr. and J. Jay Caraway, Shreveport, for defendant-appellant, Margaret Smith Bryan.
Beard & Sutherland by Fred H. Sutherland, Shreveport, for Caddo Parish School Bd., defendant-appellee.
Hargrove, Guyton, Ramey & Barlow by Joseph L. Hargrove, Jr., Shreveport, for Anadarko Production Co., plaintiff-appellee.
Before PRICE, MARVIN and NORRIS, JJ.
MARVIN, Judge.
Former LRS 9:5806 B, now incorporated into LRS 31:149, was enacted by Act 278 of 1958 to make imprescriptible mineral servitudes that were created when landowners reserved mineral rights in a sale of land to school boards and other named agencies of the state.[1]
In this appeal arising out of a concursus proceeding, we reverse the trial court's judgment to the contrary and hold that the 1958 statute is to be applied retroactively to a mineral servitude created in 1954 when a landowner, Ms. Margaret Smith Bryan, sold 80 acres to the Caddo Parish School Board for a cash consideration and reserved all of the oil, gas, and mineral rights.[2]
After acquiring a mineral lease from the school board in 1978 and from Ms. Bryan in 1981, the plaintiff in the concursus proceeding, Anadarko, drilled and began producing *701 minerals in 1982 from a unit which included the 80 acres. This concursus action was then provoked between the two lessors. Ms. Bryan appeals the trial court judgment.

TRIAL COURT'S RATIONALE
The trial court reasoned that when a mineral servitude is created by a reservation in the sale of land, the servitude owner-vendor bargains for and "expects" to have 10 years within which to exercise his rights and the landowner-vendee "expects" the land to be freed of the servitude if the servitude rights are not timely exercised. This is a correct paraphrase of the law relating to the 10 years non-use liberative prescription. See LRS 31:16, 27-61; Frost-Johnson Lumber Co. v. Nabors Oil & Gas Co., 149 La. 100, 88 So. 723 (1921); CC Arts. 789, 3546.
The trial court also correctly recognized the general rule that laws of liberative prescription are retrospectively applied. More fully stated, this principle derives from cases which hold that such laws are mere expressions of the legislature's view of sound public policy, and that the "shelter" provided by such laws is subject to legislative change and does not create a "fundamental" right in an individual. Chase Securities Corporation v. Donaldson, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945); United States v. Nebo Oil Co., 190 F.2d 1003, 1009-1010, (5th Cir.1951). Statutes which either shorten or extend the period of prescription have been held subject to the legislative power as long as the period of time provided by the statute has not elapsed to make the prescriptive "bar" complete. Campbell v. Holt, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885). The right to the effect of the prescription is not considered as "vested" until the period is completed, and before the period is completed, that right may be affected or destroyed by legislative enactment suspending or interrupting the period. Calvit v. Mulhollan, 12 Rob. 266 (La.1845).
The trial court did not retrospectively apply the 1958 statute because it concluded that the Louisiana Legislature could not have been "expected" to modify the 10-year non-use period without clearly stating that the change in the law was to be applicable to periods of time then running. We must respectfully disagree. An expectancy founded upon the premise that an applicable law of liberative prescription will not be legislatively modified is not regarded as a "vested" or fundamental right that is entitled to constitutional protection. Nebo Oil Co., 190 F.2d at p. 1009; Shreveport Long Leaf Lumber Co. v. Wilson, 195 La. 814, 197 So. 566 (1940); DeArmas v. DeArmas, 3 La.Ann. 526 (1848); State v. Alden Mills, 202 La. 416, 12 So.2d 204 (1943).
Nebo Oil Co. involved the retroactive application of a similar imprescriptibility statute, Act 315 of 1940, which became LRS 9:5806 A. That law made imprescriptible servitudes created by mineral reservations in sales of land to the United States. See LRS 31:149-152. Other cases have also discussed the retroactivity of Act 315 of 1940, the language of which was followed, although not verbatim, in Act 278 of 1958. The arguments in those cases included the argument made here by the school board that retroactive application of the act would impair the obligations of the contract in violation of U.S. Const. Art. 1, Sec. 10, and would result in divestiture of vested rights.
The first case was Whitney Nat. Bank of New Orleans v. Little Creek Oil Co., 212 La. 949, 33 So.2d 693 (1947). That case did not pass on the constitutionality of Act 315 of 1940 because the United States was not a party to the action. In dicta, the court stated that it believed the act to be applicable even though it did not expressly provide for retroactivity, because of the general rule that laws of liberative prescription are applied retroactively.
The constitutional issues were raised in Nebo Oil Co., supra, and in Leiter Minerals, Inc. v. California Co., 241 La. 915, 132 So.2d 845 (1961). Nebo Oil Co., arose out of the same factual situation as Whitney, *702 supra. The United States purchased a tract of land from Bodcaw Lumber Company in 1936 to become a part of the Kisatchie National Forest. The sale of the land was made "subject to" a prior sale of the mineral rights by Bodcaw to Good Pine Oil Company in 1932. The court found that no vested rights had been affected by retroactive application of Act 315 of 1940 because a landowner's expectation that a mineral servitude will lapse within the prescribed period is nothing more than a mere expectancy or hope that the applicable laws of prescription will continue without change. This expectation was held not to be a vested right protected by the constitution. The court further found that application of the act did not impair the obligations of the contract in violation of U.S. Const. Art. 1, Section 10. Although laws of evidence, such as statutes of limitations, may affect the validity, construction, duration, or discharge of contracts, these laws are not regarded as necessarily affecting the obligation of contract. United States v. Nebo Oil Co., supra.
In Leiter, supra, the Louisiana Supreme Court construed Act 315 of 1940 at the request of the United States Supreme Court. The United States there argued that the mineral reservation in the deed created a servitude for a stated and certain time and that if the act were applied under those circumstances, it would unconstitutionally impair the obligation of the contract. The Louisiana Supreme Court declined to construe the reservation clause, but stated the possible application of the act under the conflicting interpretations of the clause. The court said that if the reservation was indeed one for a specific or certain time stated in the contract, then Act 315 of 1940 would not be applicable, and further found that if the Act were applicable, it would be unenforceable as an unconstitutional impairment of the obligation of contract. The court said that if the reservation clause, on the other hand, did not establish a servitude for a certain time, but rather established one of uncertain or indefinite duration, then the period of prescription would be fixed by law. Under the latter circumstances the court said that Act 315 of 1940 would be retroactively applicable and, as applied, would be constitutional.
In this case, the mineral reservation established a servitude of indefinite duration (the latter circumstance of Leiter Minerals, supra) and is governed by the general laws of prescription. The servitude which was established in 1954 would have prescribed by 10 years non-use in 1964 if the legislature had not enacted Act 278 of 1958. The Caddo Parish School Board did not provide a certain time period for the expiration of the servitude and had only an expectancy or hope that the law would not change. We find that retroactive application of Act 278 of 1958 under these circumstances does not affect vested rights and does not impair the obligations of the contract. United States v. Nebo, supra; Leiter Minerals, supra.
We do not find, as the school board contends, that United States v. Little Lake Misere Land Company, Inc., 412 U.S. 580, 93 S.Ct. 2389, 37 L.Ed.2d 187 (1973), had the effect of overriding the decisions in Whitney, Nebo, and Leiter. Although these cases were discussed in Little Lake Misere, the basis for the Supreme Court's opinion was that federal law should be applied over Louisiana law because the Lake Misere land was acquired by the United States under the express authority of the Migratory Bird Conservation Act, a special law of Congress. No law of Congress is here involved.
We find that the servitude created in the 1954 deed was not one for a definite term set by the contract, but was instead a servitude of indefinite term that was subject to the law of liberative prescription of the State of Louisiana. Act 278 of 1958 applied to the 1954 servitude because the 10-year period had not accrued in 1958. Accordingly, we reverse the judgment of the trial court and render judgment in favor of Ms. Margaret Smith Bryan
(1) Recognizing as yet valid the mineral servitude created on July 30, 1954, in the sale of land described as the East Half of *703 the Southeast Quarter of Section 9, Township 16 North, Range 15 West, Caddo Parish, Louisiana, containing 80 acres, more or less, by Ms. Margaret Smith Bryan to the Caddo Parish School Board;
(2) Declaring Margaret Smith Bryan to be entitled to all sums attributable to the 25 percent royalty interest under the lease executed to Anadarko Production Company by Margaret Smith Bryan on June 29, 1981; and
(3) Assessing all costs of these proceedings to the Caddo Parish School Board.
REVERSED AND RENDERED.
NOTES
[1] See LSA-R.S. 31:149 and Comment following. Act 278 of 1958 provided in pertinent part that:

When land is acquired by conventional deed or contract ... by a ... school board ... from any person, firm, or corporation, and by the act of acquisition ... oil, gas or other mineral or royalties are reserved, the rights so reserved shall be imprescriptible and shall remain vested in the person ... from whom the land was acquired ..."
[2] The deed from Mrs. Bryan, dated July 30, 1954, conveyed the East half of the Southeast quarter of Section 9, Township 16 North, Range 15 West, in Caddo Parish, and contained this reservation:

The vendor herein reserves all right, title and interest in and to all minerals in, on or under the above described property less and except the right of egress and ingress for drilling any oil and/or gas operations, said vendor, however, reserving directional drilling and unitizing privileges.