495 So.2d 318 (1986)
Diane Lingle BOLAND and Gary L. Boland, Tutor of the Minors, Ysonde and Kurt Boland
v.
Lucy Cocchiara, Wife of/and Louis J. ROUSSEL.
No. CA-4142.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
Writ Denied November 21, 1986.
Charles E. McHale, Jr., New Orleans, for appellants.
Peter J. Butler, Aubrey B. Hirsch, Jr., Butler, Heebe & Hirsch, New Orleans, for appellees.
Before CIACCIO, BYRNES and WILLIAMS, JJ.
CIACCIO, Judge.
Diane Lingle Boland and Gary Boland, acting as tutor for his minor children, Ysonde and Kurt, filed suit to redeem the property located at 701 Bourbon Street in New Orleans, from tax sale or to annul the tax sale. The purchasers at the 1975 and 1976 tax sales, Mr. and Mrs. Louis J. Roussel, filed a peremptory exception of prescription. The trial judge granted the exception and dismissed the plaintiffs' action.[1] The plaintiffs appeal the judgment of the district court and we reverse and remand.
The issues presented on appeal are: May the three year redemptive period of La.R.S. 47:2221 be interrupted by the possession of the tax debtors? Did the debtors in possession bring the action to annul the tax sale within the five year period allowed by the Louisiana Constitution of 1974, Article 7 Section 25?
According to the pleadings, the following facts exist:
*319 Diane S. Lingle and George E. Lingle acquired the property from Mr. and Mrs. Milo Cox (nee Margaret Cox) by act of sale dated July 15, 1948. George E. Lingle then transferred his interest to his mother, Mrs. Lillian Bonquois Lingle, who subsequently died. George and Diane Lingle, as her sole heirs, acquired her one-half interest in the Succession of Mrs. Lillian Bonquois Lingle, proceedings No. 549-335 of the Civil District Court for the Parish of Orleans, by virtue of the judgment of recognition and possession dated June 27, 1975.
George E. Lingle sold his undivided one-fourth interest to Ysonde and Kurt Boland, minor children of Diane Lingle, wife of/and Gary L. Boland, by act dated April 15, 1976.
Plaintiff, Diane Lingle Boland, claims an undivided three-fourths ownership interest and the minors, Ysonde and Kurt Boland, claim the remaining undivided one-fourth ownership interest in the subject property.
In 1975 and 1976 the assessments, the required notices mailed by the City of New Orleans to the delinquent tax debtors, the required advertisement of the property, and the tax sales that were issued to Roussel were all in the name of "Mrs. Margaret Cox". Margaret Cox had divested herself of all record interest in the subject property as of July 15, 1948.
The plaintiff tax debtors contend that they did not receive any notice of the tax sale. The property was sold, for taxes, at the 1975 and 1976 City of New Orleans tax sales to the defendants, Mr. and Mrs. Louis Roussel. The 1975 City tax sale was recorded on June 19, 1977. The 1976 City tax sale was recorded on April 4, 1978. Plaintiffs filed suit to annul and/or redeem on July 7, 1983.
Plaintiffs allege that they were in full, open, notorious and corporeal possession of the property at 701 Bourbon Street during this entire period of time and that such corporeal possession interrupted and suspended both the three year redemptive period allowed for the redemption of tax sales and the five year prescriptive period provided by law for the institution of suits to annul tax sales on the basis of a fatal defect (in this case, lack of notice.)
Article 10 Section 11 of the Louisiana Constitution of 1921 provided, amongst other matters, for the collection of taxes, tax sales, and the quieting of tax titles. These provisions were reenacted almost verbatim in the Louisiana Constitution of 1974, in Article 7 Section 25.
The Revised Statutes of 1950, Title 47 Section 2221, as originally enacted, read as follows:
Section 2221, Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 11 of Article X of the Louisiana Constitution.
La.R.S. 47:2221 remained unchanged until its amendment by Act 557 of 1978 to provide as follows:
Section 2221. Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed. (Emphasis Supplied)
Subsequent to the enactment of Act. 557 of 1978 the Louisiana Supreme Court decided the case of Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 at 1231 (La., 1979). Although the court held that the physical possession of the property by the owner did not interrupt the running of the three year redemption period, it did so without applying La.R.S. 47:2221 subsequent to the 1978 amendment, stating in footnote 4:
In 1972, R.S. 47:2221 appeared as follows:
"Property sold at a tax sale shall be redeemable in accordance with Section 11 of Article X of the Louisiana Constitution."
*320 In 1978, the statute was amended and now states:
"Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed."
"Whatever effect the amendment may have on the constitutional and statutory scheme in the future concerning redemption, annulment of tax sales, and quieting tax titles, it does not affect the present case. All the facts of this case arose prior to the amendment."
Since the enactment of the 1978 amendment no appellate court has interpreted this amendment's effect upon the three year redemptive period. In the recent case of Landry v. Beaugh, 452 So.2d 400 (La. App., 3d Cir.1984), writ denied, 458 So.2d 121 (La.1984), the trial court found that Section 1 of Act 557 of 1978 effectively overruled the prior jurisprudential rule that physical possession of the property by the tax debtor did not interrupt the three-year prescriptive period for redemption. However, the appellate court declined to address the issue, as it found that the tax sale was null because of the inadequate notice of delinquency.
In this case the issue of the effect of the amendment to La.R.S. 47:2221 upon the three year redemptive period is ripe for decision as the tax sales were recorded in June, 1977 and April, 1978, and the amendment to La.R.S. 47:2221 took place before the three year redemptive period had run.
The harsh results that flowed in many tax sale cases were adverted to by the 1974 constitutional convention. See: Vol. VIII, Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts at pp 2141-2151. Despite the necessity of laws providing for tax sales to facilitate the collection of delinquent taxes by various governing authorities, the legislature has demonstrated a continuing concern for those tax debtors who were subject to losing their homes and properties because of mistake or neglect, and, in many cases, for relatively insignificant sums of money. See: Act 636 of 1985 amending R.S. 47:2180 and R.S. 47:2180(D).
Did the legislature intend to change the prior law by the adoption of the 1978 amendment to R.S. 47:2221? In order to ascertain the legislature's intent, we must refer to the accepted standards of statutory interpretation. These rules are set forth in Clark v. Board of Commissioners, Port of New Orleans, 422 So.2d 247 at 250 (La.App., 4th Cir.1982), as follows:
The fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Vermilya-Brown Co. v. Connell, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76 (1948); Webb v. Parish Council of Parish of East Baton Rouge, 47 So.2d 718 (La.1950); Fagot v. Flintkote Co., 305 F.Supp. 407 (E.D.La.1969); Jefferson Parish v. Stansbury, 228 So.2d 743 (La.App. 4th Cir., 1969).
To that end, the following presumptions apply:
That the legislature understood the meaning and effect of the words it used. United States v. Goldenberg, 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394 (1897), State v. Coulon [197 La. 1058], 3 So.2d 241 (La.1941).
That it intended to use those words. Goldenberg, supra; Lyons v. H.K. Ferguson Co., 16 So.2d 587 (La.App. 1st Cir., 1944).
That every provision has a useful purpose, and effect is to be given to each provision. State v. Texas Co. [205 La. 417], 17 So.2d 569 (La.1944); Legros v. Conner, 212 So.2d 177 (La.App. 3d Cir. 1968).
Further, a cardinal rule of construction is that all parts should be harmonized, if possible, so that no provision is rendered void or meaningless. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1979); Markham v. Cabell, 326 U.S. *321 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945); St. Martin Parish Police Jury v. Iberville Parish Police Jury, 212 La. 886, 33 So.2d 671 (1947) Giles v. Breaux, 160 So.2d 608 (La.App. 1st Cir.1964); Fakier v. Picou [246 La. 639], 166 So.2d 257 (La.1964); Campbell v. Standard General Realty Co., 185 So.2d 598 (La.App. 4th Cir.1966) writ ref. 187 So.2d 440.
As phrased by the Court in Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336, 339 (1962), "... meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another ..."
Applying these rules, we conclude that the legislature intended to change the law, so as to allow possession to interrupt the running of the three year redemptive period of Art. 7, Section 25(B) of the Louisiana Constitution.
Appellees contend that the 1978 amendment to R.S. 47:2221 "appears to be an attempt simply to codify prior jurisprudence." This argument ignores the fact that prior jurisprudence did not allow possession to interrupt the three year redemptive period.
The new language of R.S. 47:2221 was already contained in R.S. 47:2228.1 dealing in the proceedings to quiet tax titles. The 1978 amendment added this protective language to La.R.S. 47:2221, "Right to redeem", La.R.S. 47:2226, "Annulment of tax sales; generally", and La.R.S. 47:2228, "Procedure to quiet tax titles".
The title of a legislative act is designed to state its purpose. A reference to the title of Act 557, as set out below, dispels the misconception that the insertion of the crucial language was a legislative oversight.
 ACT NO. 557
House Bill No. 1389 By Mr. Leach
 AN ACT
To amend and reenact Sections 2221, 2226 and 2228 of Title 47 of the Louisiana Revised Statutes of 1950, relative to redemption from and annulment of tax sales and the procedure for quieting tax titles, to conform references to the Louisiana Constitution of 1974, provide that prescription does not begin against a tax debtor-owner in possession and otherwise to provide with respect thereto. (Emphasis added)
For these reasons, we conclude that the amendment of La.R.S. 47:2221 was intended by the Legislature to add a new provision to the "Right to Redeem" section, granting to the tax debtor a new protection against the inadvertent loss of his redemptive rights to the property should the owner remain in possession and should the tax purchaser make no effort to disturb the unsuspecting tax debtor's possession. We hold, therefore, that the 1978 amendment of La.R.S. 47:2221 was intended to overrule the prior jurisprudence which held that the tax debtor's physical possession of the taxed property did not interrupt the three year prescriptive period for redemption.
In this case, the tax debtors argue that they were in constant physical possession of the subject property. If this fact be proven, the three year redemptive period would not have run against them and they would have retained full redemptive rights. Thus, the trial court should have allowed the plaintiffs to present evidence which would establish their physical possession.
Since we find that the three year redemptive period may be interrupted by the debtor's physical possession of the property, which is the subject of the tax sale, we do not reach the issue of the debtors' right to annul the sale, pursuant to Article 7 Section 25(C) of the Louisiana Constitution of 1974. Likewise, we make no determination regarding the validity of these tax sales.
Accordingly, for the reasons assigned, the judgment of the district court sustaining the exception of prescription is reversed, and the case is remanded to the district court for further proceedings not inconsistent with the opinion expressed *322 herein. Costs of this appeal are assessed against the appellees.
REVERSED AND REMANDED.
BYRNES, J., concurs in part and dissents in part.
BYRNES, Judge, concurring in part and dissenting in part.
I concur with the remand of this case to determine if appellant's allegations of continuous possession can be established in the District Court. However, I dissent from the remainder of the opinion.
By Act 557 of 1978, the legislature amended R.S. 47:2221, 2226 and 2228 relative to redemption of property sold at tax sales, the annullment of tax sales, and the procedure for quieting tax titles so that references in those sections to the state constitution would conform to the Constitution of 1974. However, in addition to changing constitutional references, the amendment added the following language to each of the above mentioned sections:
Nothing in this section shall be construed so as to affect in any way the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
This language makes sense when applied to suits to annul a tax sale where the principle has always been applied. In that context, the language appears to be precautionary and intended to express the legislature's desire not to disturb the jurisprudentially created rule regarding interruption of prescription by the continued possession by the tax-debtor. However, in the context of redemption of property sold at tax sales, the purpose of the language is less clear. Historically, the three year redeptive period has not been subject to any interruption. Securities Mortgage Co. v. Triplett, supra. In this sense, the period is peremptive not prescriptiveit extinguishes the cause of action absolutely and allows for no interruption or suspension.[1] Viewed as a peremptive period, the three year limitation on the right to redeem cannot be subject to the interruption which continued possession by the tax debtor creates in suits to annul a tax sale.
This distinction has a rational basis when one considers that the right to redeem is absolute and, if asserted timely, cannot be defeated by the tax purchaser. The redemptive period is, in essence, an attempt to alleviate the harshness of the tax sale procedure by giving the tax debtor three years to recover his property, no questions asked, without regard to the legality of the sale.
In contrast, the right to annul a tax sale depends entirely on proof of substantive irregularities in the procedures leading to the sale. Because this action questions the legality of the sale itself it is logical and fair to treat it differently from redemptions which are, in effect, a gratuitous second chance for the tax debtor. Courts have recognized the distinction and developed the doctrine of interruption by possession to accomodate it.
Viewing the 1978 to R.S. 47:2221 in this historical context, I am unwilling to infer an intent to change the law by the inclusion of language which has no application to the subject matter of the section. Obviously nothing in the 1978 amendment to the redemption article can "affect in any way" a principle which has never been applied to redemptions in the first place. If the legislature had intended to change the law and make possession by the tax debtor interrupt the three year redemptive period it could have said so. It did not.
In my opinion the language in question expresses the legislature's intent to maintain the status quo and not "affect in any way" the application of the principle of interruption by possession. If the legislature meant what it said and did not intend to affect this principle in any way, it seems *323 logical to conclude that it remains unchanged and should be applied as in the past.
The additional language concerning interruption of prescription seems to have been included in all three amended sections of Title 47 more from an abundance of caution than from an intent to change the law. I would therefore reject appellants' argument that their continued possession of the subject property interrupted the three year redemptive period.
NOTES
[1] The trial judge chose to decide the exception on the pleadings and did not allow the introduction of evidence. Thus, the allegations of the pleadings must form the basis of our ruling.
[1] See Pounds v. Schori, 377 So.2d 1195, 1198 (La.1979) for a discussion of the difference between a prescriptive and a peremptive period.