495 So.2d 323 (1986)
Mrs. Fotine Caradjas, widow of George NICOLAIDES
v.
Lucy Cocchiara, wife of/and Louis J. ROUSSEL.
No. CA-4143.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1986.
Writ Denied November 21, 1986.
Peter J. Butler, Aubrey B. Hirsch, Jr., Butler, Heebe & Hirsch, New Orleans, for appellants.
Charles E. McHale, Jr., New Orleans, for appellee.
Before CIACCIO, BYRNES and WILLIAMS, JJ.
CIACCIO, Judge.
By this appeal, appellant Louis Roussel seeks reversal of a judgment nullifying the tax sale at which he acquired property located at 1222-24 N. Lopez Street in New Orleans.
The sale in question took place in November 1979. In March 1984, appellee, Mrs. Fotine Caradjas Nicolaides, filed suit to either redeem the property or annul the sale. Her suit for annulment was based on her contention that she did not receive the notice of deliquency required by R.S. 47:2180 (A), and that the City failed to comply with the formalities mandated by R.S. 47:2180 (B).
Under R.S. 47:2180 (B) the tax collector must file a process verbal setting forth the name of the delinquent taxpayer, his address, a description of the property, the amount of taxes due, and how service of the notice of delinquency was made. The record reveals that the process verbal filed by the City in this case was deficient in several respects. It was not signed by the tax collector in the presence of two witnesses, it does not recite the address of the delinquent taxpayer, and it does not state how service of the notice of delinquency was made.
Appellee also argued that the three year prescriptive period for redemption was interrupted or suspended pursuant to La.Act No. 557 of 1978 (La.R.S. 47:2221). She contends that this Act mandates that the *324 three year prescriptive period for redemption does not commence to run against the tax debtor and in favor of the tax-title purchaser until the tax-debtor owner has been first dispossessed. Appellee deposited $489.25 in the registry of the court as the amount appellant is entitled to for redemption.
The district court rendered judgment in favor of the plaintiff, annulling the tax sale. We affirm the judgment in favor of plaintiff, but for different reasons. We hold that appellee had a right to redeem, and on the basis of the record before us order the redemption. We do not decide whether the tax sale should be annulled.
The identical issue raised here concerning the effect of La.Act No. 557 of 1978 was addressed in an opinion of this court rendered today. In Boland v. Roussel, 495 So.2d 318 (La.App. 4th Cir.1986), we resolved the issue as follows:
Article 10 Section 11 of the Louisiana Constitution of 1921 provided, amongst other matters, for the collection of taxes, tax sales, and the quieting of tax titles. These provisions were reenacted almost verbatim in the Louisiana Constitution of 1974, in Article 7 Section 25.
The Revised Statutes of 1950, Title 47 Section 221, as originally enacted, read as follows:
Section 2221. Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 11 of Article X of the Louisiana Constitution.
La.R.S. 47:2221 remained unchanged until its amendment by Act 557 of 1978 to provide as follows:
Section 2221. Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed. (Emphasis Supplied)
Subsequent to the enactment of Art. 557 of 1978 the Louisiana Supreme Court decided the case of Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 at 1231 (La., 1979). Although the court held that the physical possession of the property by the owner did not interrupt the running of the three year redemption period, it did so without applying La.R.S. 47:2221 subsequent to the 1978 amendment, stating in footnote 4:
In 1972, R.S. 47:2221 appeared as follows:
"Property sold at a tax sale shall be redeemable in accordance with Section 11 of Article X of the Louisiana Constitution."
In 1978, the statute was amended and now states:
"Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed."
Whatever effect the amendment may have on the constitutional and statutory scheme in the future concerning redemption, annulment of tax sales, and quieting tax titles, it does not affect the present case. All the facts of this case arose prior to the amendment."
Since the enactment of the 1978 amendment no appellate court has interpreted this amendment's effect upon the three year redemptive period. In the recent case of Landry v. Beaugh, 452 So.2d 400 (La.App., 3d Cir.1984), writ denied, 458 So.2d 121 (La.1984), the trial court found that Section 1 of Act 557 of 1978 effectively overruled the prior jurisprudential rule that physical possession *325 of the property by the tax debtor did not interrupt the three-year prescriptive period for redemption. However, the appellate court declined to address the issue, as it found that the tax sale was null because of the inadequate notice of delinquency.
In this case the issue of the effect of the amendment to La.R.S. 47:2221 upon the three year redemptive period is ripe for decision as the tax sales were recorded in June, 1977 and April, 1978, and the amendment to La.R.S. 47:2221 took place before the three year redemptive period had run.
[In this case the tax sale occurred in November of 1979.]
The harsh results that flowed in many tax sale cases were adverted to by the 1974 constitutional convention. See: Vol. VIII Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts at pp 2141-2151. Despite the necessity of laws providing for tax sales to facilitate the collection of delinquent taxes by various governing authorities, the legislature has demonstrated a continuing concern for those tax debtors who were subject to losing their homes and properties because of mistake or neglect, and, in many cases, for relatively insignificant sums of money. See: Act 636 of 1985 amending R.S. 47:2180 and R.S. 47:2180(D).
Did the legislature intend to change the prior law by the adoption of the 1978 amendment to R.S. 47:2221? In order to ascertain the legislature's intent, we must refer to the accepted standards of statutory interpretation. These rules are set forth in Clark v. Board of Commissioners, Port of New Orleans, 422 So.2d 247 at 250 (La.App., 4th Cir.1982), as follows:
The fundamental rule of construction is to ascertain and give effect to the intention of the legislature as expressed in the statute. Vermilya-Brown Co. v. Connell, 335 U.S. 377, 69 S.Ct. 140, 93 L.Ed. 76 (1948); Webb v. Parish Council of Parish of East Baton Rouge, 47 So.2d 718 (La.1950); Fagot v. Flintkote Co., 305 F.Supp. 407 (E.D.La.1969); Jefferson Parish v. Stansbury, 228 So.2d 743 (La.App. 4th Cir., 1969).
To that end, the following presumptions apply:
That the legislature understood the meaning and effect of the words it used. United States v. Goldenberg, 168 U.S. 95, 18 S.Ct. 3, 42 L.Ed. 394 (1897), State v. Coulon [197 La. 1058] 3 So.2d 241 (La.1941).
That it intended to use those words. Goldenberg, supra; Lyons v. H.K. Ferguson Co., 16 So.2d 587 (La.App. 1st Cir., 1944).
That every provision has a useful purpose, and effect is to be given to each provision. State v. Texas Co. [205 La. 417], 17 So.2d 569 (La.1944); Legros v. Conner, 212 So.2d 177 (La. App. 3d Cir.1968).
Further, a cardinal rule of construction is that all parts should be harmonized, if possible, so that no provision is rendered void or meaningless. Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1979); Markham v. Cabell, 326 U.S. 404, 66 S.Ct. 193, 90 L.Ed. 165 (1945); St. Martin Parish Police Jury v. Iberville Parish Police Jury, 212 La. 886, 33 So.2d 671 (1947) Giles v. Breaux, 160 So.2d 608 (La. App. 1st Cir.1964); Campbell v. Standard General Realty Co., 185 So.2d 598 (La.App.4th Cir.1966) writ ref.187 So.2d 440.
>As phrased by the Court in Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336, 339 (1962), "... meaning should be given, if possible, to each and every section, and the construction placed on one portion should not be such as to obliterate another...."
Applying these rules, we conclude that the legislature intended to change the law, so as to allow possession to interrupt the running of the three year redemptive period of Art. 7, Section 25 (B) of the Louisiana Constitution.

*326 Appellees contend that the 1978 amendment to R.S. 47:2221 "appears to be an attempt simply to codify prior jurisprudence." This argument ignores the fact that prior jurisprudence did not allow possession to interrupt the three year redemptive period.
The title of a legislative act is designed to state its purpose. A reference to the title of Act 557 dispels the misconception that the insertion of the crucial language was a legislative oversight.
ACT NO. 557
House Bill No. 1389
By Mr. Leach
AN ACT
To amend and reenact Sections 2221, 2226 and 2228 of Title 47 of the Louisiana Revised Statutes of 1950, relative to redemption from and annulment of tax sales and the procedure for quieting tax titles, to conform references to the Louisiana Constitution of 1974, provide that prescription does not begin against a tax debtor-owner in possession and otherwise to provide with respect thereto. (Emphasis added)
For these reasons, we conclude that the amendment of La.R.S. 47:2221 was intended by the Legislature to add a new provision to the "Right to Redeem" section, granting to the tax debtor a new protection against the inadvertent loss of his redemptive rights to the property should the owner remain in possession and should the tax purchaser make no effort to disturb the unsuspecting tax debtor's possession. We hold, therefore, that the 1978 amendment of La.R.S. 47:2221 was intended to overrule the prior jurisprudence which held that the tax debtor's physical possession of the taxed property did not interrupt the three year prescriptive period for redemption.
The undisputed evidence presented at trial proved appellee's undisturbed possession of the property. During the time period involved, appellee rented the property to various tenants. Appellant made no effort to dispossess appellee.
Further, there is no dispute that the amount appellee deposited in the registry of the court, $489.25, is the correct amount owed to appellant for redemption of the property.
Accordingly, judgment in favor of the plaintiff is affirmed, but amended, ordering in favor of Mrs. Fotine Caradjas Nicolaides the redemption of title to the property located at 1222-24 N. Lopez St., New Orleans, Louisiana. It is further ordered that the sum of $489.25 deposited by plaintiff into the registry of the court be paid to Lucy Cocchiara wife of/and Louis J. Roussel in full satisfaction of all redemptive costs.
AMENDED AND AFFIRMED.
BYRNES, J., dissents and assigns reasons.
BYRNES, Judge, dissenting.
I would reverse the judgment of the trial court and uphold the validity of the tax sale. The majority affirms a judgment of the district court which annuled the tax sale because of defects in the process verbal and then amends that judgment to permit Mrs. Nicolaides to redeem the property. I cannot agree with this holding
Annulment of a tax sale is not the same as a redemption of the property. In my opinion, Mrs. Nicolaides did not establish her right to annul the sale, notwithstanding the deficiencies in the process verbal.
Failure to file a proper process verbal, reflecting the information required by R.S. 47:2180 (B), negates the usual presumption in favor of the validity of tax sale procedures and shifts the burden of proof to the tax purchaser to prove that the proper notice of delinquency was served on the tax debtor. Landry v. Beaugh, 452 So.2d 400 (La.App. 3rd Cir.1984), Succession of Windes v. Yerger, 234 So.2d 224 (La.App. 2nd Cir.1970). In this case, the failure of the City to file a complete process verbal shifted the burden of proof to Roussell to *327 show that the appellee was properly served with a notice of delinquency.
Among the items of evidence produced by appellant was a copy of a United States Postal Service return receipt, addressed to the appellee at her Lepage Street home. This receipt was signed by appellee's son Nicholas Nicolaides, who resides in one half of the property sold at the tax sale. It was established at trial that this receipt was attached to the notice of tax delinquency which the City sent to the appellee by certified mail, return receipt requested, regarding the property in question. It was also established that Mr. Nicolaides' signature was genuine. However, appellee denied even receiving the notice and Mr. Nicolaides testified that he remembered nothing about it.
A determination of whether a notice of delinquency was properly served on the tax debtor must be based on the facts of each case, and the mere denial of receipt by the tax debtor may be overcome by other evidence. Tornabene v. Zor Inc., 249 La. 603, 188 So.2d 75 (La.App. 4th Cir.1965). In this case, the evidence clearly shows that the City served the proper notice of delinquency on the appellee at the proper address by registered mail, return receipt requested. This is all the law requires. See R.S. 47:2180.
As the Supreme Court observed in Avery v. Mayo, 109 So. 393 (La.1926):
When the requirments of the law for giving notice to the delinquent tax debtor have been complied with, and everything has been done that could reasonably be done to give actual notice, it is not important that the tax debtor did not actually receive and read the notice. Hoyle v. Athletic Club, 48 La.Ann. 879, 19 So. 937; Welsch v. Augusti, 52 La.Ann. 1954, 28 So. 363; Baum v. Smith, 127 La. 1089, 54 So. 399.
In my opinion, the fact that appellee's son signed for and received the notice of delinquency in this case is of no consequence. The law does not require personal service of a notice of delinquency, nor does it require that the tax debtor sign the receipt when the notice is served by registered mail. As observed in Reed v. Stenson, 188 So. 509 (La.App. 2nd Cir.1939):
When the tax collector has forwarded by registered mail to the tax debtor the notice of tax delinquency ... he has literally complied with the ministerial duty... imposed upon him. He is not obligated to follow up the notice to ascertain if the tax debtor has actually received it. If the law were otherwise, it would often be impossible for a tax collector to legally sell property to enforce payment of taxes due thereon. The tax debtor might be absent from home or office for months, precluding the possibility of service upon him personally or receipt by him of the registered notice.
All owners of real estate are charged with knowledge that the same will be listed for taxes and taxes assessed thereon collected to defray the expenses of government. They know also that if such taxes are not paid within the limit of time fixed by law, the property will be advertised for sale and sold to satisfy the same. In view of such knowledge, and for other valid reasons, neither the Constitution nor legislative enactments require that notice of tax delinquency or of intention to force collection of such taxes by sale of the property be personally served or received by the tax debtor. 188 So. 509, 511.
This holding is consistent with the Supreme Court's earlier holding in Avery, supra and with the language of R.S. 47:2180. See also Baum v. Smith, 54 So. 399 (La.1911), Goodwill v. Smith, 29 So.2d 188 (La.App. 2d Cir.1947), Goodwin v. Newsome, 44 So.2d 189 (La.App. 2nd Cir.1950).
Applying these principles to the case at hand, I would conclude that the evidence produced by appellant was sufficient to establish that the notice of delinquency was served in accordance with the law. The notice of delinquency itself, together with the return receipt show beyond doubt that the requirements of R.S. 47:2180 relative to service of notice were met. This is not a case where the person signing the return *328 receipt is a stranger or mere acquaintence of the tax debtor. Here, appellee's son, who was a frequent visitor to his mother's home, signed for and received the notice of delinquency. There is no dispute that his signature appears on the receipt or that the receipt was attached to the notice. If appellee did not actually receive the notice, the fault is with her family not with the City. Under these circumstances, I would reverse the ruling of the trial court and hold that the tax sale in question is not subject to annulment.
I would also reject appellee's alternate arguement that Act 557 of 1978 changed the law relative to the interruption of the three year redemptive period of R.S. 47:2221.
This identical argument was made in Boland v. Roussel, # CA-4142 of this court's docket, also decided this day. For the reasons assigned in my dissent in that case, I would hold that Act 557 did not change the law on this issue.