STOKER, Judge.
Charlida, Inc. appeals a judgment granting Mrs. Annie Baggett the right to redeem a one-half interest in property sold to Char-lida at a tax sale.
Louisa Nelson owned a 1.04-acre tract in Cameron Parish. When her property taxes were not paid in 1978, a delinquency notice was sent to her home by certified mail with a return receipt requested. The notice was returned to the tax collector as unclaimed. A one-half interest in the property was sold to Charlida, Inc. at a tax sale on April 11, 1979.
Mrs. Nelson died on December 1, 1979, and Annie Baggett inherited her interest in the property. Taxes were assessed against Louisa Nelson in 1979 and 1980, and were paid by Mrs. Baggett. Taxes for 1981 through 1984 were assessed against Mrs. Baggett, and were paid either by her or by W.T. Baggett.
Unaware of the tax sale, Mrs. Baggett leased the land to Patricia Brown on July 23, 1983. Charles F. Hebert, 90% owner of Charlida, found out about the lease and approached Mrs. Brown in May 1984 about collecting half of the rent. Mrs. Brown informed Mrs. Baggett of Hebert’s claim. Mrs. Baggett contacted Hebert,, who explained the sale procedure to her. There is some dispute as to whether Mrs. Baggett asked if she could redeem the property, but in any case, Hebert stated that he would not allow her to do so, as the three-year redemption period had lapsed.
Mrs. Baggett initiated this suit on June 1,1984, filing a pleading styled “Petition to Annul Tax Sale.” She alleged that there were irregularities in the tax sale, and that Hebert had refused to allow her to redeem the property. She asked that judgment be granted in her favor “recognizing plaintiff to be the owner of the property herein-above described, and annulling the said tax sale....” A reconventional demand filed on behalf of Charlida claims that Mrs. Bag-gett owes the company some $3,000 for its half of the rent collected from Mrs. Brown.
The trial judge concluded that a 1978 amendment to LSA-R.S. 47:2221 provided that possession by the tax debtor interrupts the three-year redemptive period found in the Louisiana Constitution, overruling prior jurisprudence to the contrary. The judge found that Mrs. Nelson, and later Mrs. Baggett, were never dispossessed of the property, and she was entitled to redeem it. Charlida’s reconventional demands were dismissed.
Charlida appeals, claiming that the judge erred (1) in granting the right to redeem when Mrs. Baggett only asked for the annulment of the tax sale, and (2) in failing to distinguish between the redemptive period, which is not subject to interruption by the tax debtor’s possession, and the annulment period, which is subject to such an interruption.
We find no merit to Charlida’s first contention. Under LSA-C.C.P. art. 862, the trial judge was authorized to grant the relief to which he felt the parties were entitled, even if that relief was not demanded in the pleadings. In this case, we feel that the relief granted was warranted by the pleadings and the evidence. Mrs. Bag-gett asked to be declared the owner of the property. She claimed that Hebert had refused to allow her to redeem it. Charlida was not prejudiced by Mrs. Baggett’s failure to specifically plead the right of redemption, as the nature of her claim was clear. We find no error by the trial court in considering relief not demanded in the pleadings, to which Mrs. Baggett nevertheless might be entitled. Primvest, Inc. v. Dugas, 460 So.2d 718 (La.App. 3d Cir.1984).
*1391 We also find that the trial court correctly granted Mrs. Baggett the right of redemption. La. Const. Art. 7, Sec. 25 provides that property sold at a tax sale is redeemable for three years after the date of recordation of the tax sale. For tax sales occurring before 1978, the Supreme Court created a jurisprudential rule that this three-year redemptive period was not interrupted by the physical possession of the property by the tax debtor. Securities Mortg. Co., Inc. v. Triplett, 374 So.2d 1226 (La.1979). The legislature amended LSA-R.S. 47:2221 in 1978, so that it now reads:
“Property sold at a tax sales shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.”
Charlida argues that the sentence concerning prescription should not be interpreted so as to overrule Triplett. First, the appellant notes that the amendment refers to a principle that prescription does not begin to run until the tax debtor has been dispossessed. This principle did not exist as to the redemptive period, Charlida contends, so the sentence could only be a reference to the five-year annulment period which, under Triplett, is interrupted by the tax debtor’s possession. In addition, Char-lida forewarns of the “nightmares” that would result for title examiners if the amendment is interpreted to provide for the interruption of the redemptive period. It argues that such a rule would make it virtually impossible for tax titles to be approved.
We might agree with some of Charlida’s policy arguments, but we find that the statute clearly provides that the three-year redemptive period is interrupted by the tax debtor’s possession. LSA-R.S. 47:2221 deals only with redemption. The same language concerning prescription was also added to LSA-R.S. 47:2226, which deals with the annulment of tax sales. Apparently, there was an intent to change the previous rule. The introduction to Acts 1978, No. 557 states that the act is “[t]o amend and reenact Sections 2221, 2226 and 2228 of Title 47 * * * relative to redemption from and annulment of tax sales and the procedure for quieting tax titles, to * * provide that prescription does not begin against a tax debtor-owner in posses-sion_” We can only conclude that the legislature intended to create an interruption of the three-year redemptive period.
Charlida further argues that even if the redemptive period can be interrupted, the possession exercised by Mrs. Baggett was insufficient to effect such an interruption.
In order for prescription to have been interrupted, the owners must have exercised continued, constant, corporeal possession of such a nature as to form a constant protest to the tax sale. Collins v. Quinn, 366 So.2d 209 (La.App. 2d Cir.1978). While it is necessary to have corporeal possession, accompanied by external and public signs clearly indicating the possessor’s control and dominion over the property, it is essential to examine the type and nature of the property in order to determine what type of possession is necessary to constitute open, real and actual possession thereof. Laventhal v. Lake Investment Corporation, 252 So.2d 521 (La.App. 4th Cir.1971).
The evidence shows that the tract was not residential property. Certain improvements, such as fencing and the addition of cattle guards, were made on the land. It was leased from 1960 through 1980 by Petroleum Distributing Company. The use of the property by that company first in the name of Mrs. Nelson and later under Mrs. Baggett’s authority interrupted prescription until the expiration of the lease on August 16,1980. After that, Mrs. Baggett placed “For Lease” signs on the land, with her phone number. Finally, in early 1983, Mrs. Brown leased the property, cleared the land, installed a power pole, opened a shrimp shop, and actually lived in a mobile home on the property. Consider *1392 ing the nonresidential nature of this land, we agree with the trial judge that Mrs. Baggett exercised sufficient dominion and control over the property, manifested by external signs, to have interrupted prescription. Her suit, filed on June 1, 1984, was timely.
In light of the foregoing considerations, we conclude that the trial court correctly granted Mrs. Baggett the right to redeem the property sold to Charlida at the 1979 tax sale. We affirm the lower court’s judgment, and assess the costs of this appeal against the defendant-appellant, Charlida, Inc.
AFFIRMED.