NORRIS, Judge.
On May 11, 1977 the plaintiffs’ property was sold by Tax Collector’s deed for nonpayment of 1976 state and parish taxes. JoAnn Fuller bought the properly, and the deed was filed May 13 of that year. On January 9, 1987 plaintiffs, Herbert B. Harris, Arthur Harris, Jr., Richard Lee Harris, Lou Vera H. Ross and Alvin P. Harris (the Harrises), sued the Estate of JoAnn Fuller and the Sheriff of Ouachita Parish asking that they be allowed to redeem the property or that the tax sale be declared null and void. The plaintiffs moved for summary judgment, raising only the issue of redemption. The trial court granted the Harrises’ summary judgment from which the Estate of JoAnn Fuller appeals.
The facts are not in dispute. The Harris-es have been in continuous and open possession of the property since well before 1977 through the date suit was filed. The appellant had never acted to quiet title or take possession of the land. The sole issue is whether R.S. 47:2221 as amended in 1978 would allow the Harrises’ continued possession of the property to suspend the running of the three-year period allowed for redemption of the property. LSA R.S. 47:2221; La. Const. Art. 7 § 25.
Appellant argues that:
(1) the amendment to 47:2221 did not change the law as set forth in prior jurisprudence;
(2) the amendment should not be applied retroactively, to a tax sale that took place before the amendment went into effect;
(3) the 3-year redemptive period is per-emptive, and thus insusceptible of interruption or suspension.
Before the 1978 amendment, the jurisprudence held that the running of the three-year period during which the debtor could redeem the property sold at a tax sale was not suspended by the debtor’s continued possession of the property. Securities Mortgage Company, Inc. v. Triplett, 374 So.2d 1226 (La.1979).
LSA-R.S. 47:2221 as amended reads:
§ 2221. Right to redeem
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
Three cases have applied this amended section. Boland v. Roussel, 495 So.2d 318 (La.App. 4th Cir.1986), writ denied 497 So. 2d 313 (La.1986); Nicolaides v. Roussel, 495 So.2d 323 (La.App. 4th Cir.1986), writ denied 497 So.2d 313 (La.1986); Baggett v. Charlida, Inc., 496 So.2d 1389 (La.App. 3d Cir.1986).
In Baggett, supra, the tax sale took place on April 11, 1979. The debtor remained in possession of the land. The plaintiff filed suit June 1, 1984 to redeem the property. The court concluded that the amendment to 47:2221 was intended to change the earlier jurisprudential rule, and held that the plaintiff’s continued possession of the property interrupted the three-year redemptive period. Nicolaides, supra, also dealt with a tax sale that took place in 1979. The fourth circuit concluded that the legislature intended to change the law to allow possession to interrupt the running of the three-year redemptive period.
Boland, supra, differs from the two cases above in that the tax sales took place in 1975 and 1976 and the deeds were re *738 corded in 1977 and 1978. The plaintiffs in that case alleged that they had remained in possession after the sale. Boland parallels the case before us now; in both instances the 1978 amendment came into effect after the tax deeds were recorded but before the three-year period to redeem the property had run. The fourth circuit held that the three-year period would not have run against the plaintiffs if they had remained in possession of the property. We agree with its conclusion.
ASSIGNMENT OF ERROR # 1
The appellant adopts Judge Byrnes’s dissent in Nicolaides v. Roussel, supra, in arguing that the legislature could not have intended the amendment to change the pri- or jurisprudence. However, we concur with the third and fourth circuits that the legislature’s intent was to change the law. When the legislature changes a statute’s wording, it is presumed it intended to change the law. Louisiana Civil Service League v. Forbes, 246 So.2d 800 (La.1971), overruled on other grounds; Barnett v. Develle, 289 So.2d 129 (La.1974); Stein v. Town of Lafitte, 266 So.2d 516 (La.App. 4th Cir.1972), writ denied 263 La. 372, 268 So.2d 259 (1972). Had the legislature desired that the three year redemptive period continue not to be interrupted or suspended by possession, they need have done nothing.
ASSIGNMENT OF ERROR #2
The property was sold in 1977, and the amendment to 47:2221 was effective in September 1978, well before the three year redemptive period had run. Appellant argues that the amendment should not be given retroactive effect, and therefore not applied to this tax sale that took place before it went into effect. The general rule is that laws of liberative prescription are retrospectively applied. Statutes which either shorten or extend the period of prescription are subject to the legislative power as long as the period of time provided by the statute has not elapsed to make the prescriptive bar complete. Anadarko Production v. Caddo Parish School Bd., 455 So.2d 699 (La.App. 2d Cir.1984), writ denied 460 So.2d 610 (La.1984). The specific question here is not whether the legislature may change the length of a prescriptive period after it has begun to run, but whether the legislature may redefine what acts will interrupt or suspend prescription after the defendant has come to rely on the old law. As this court has previously said, the legislature may do so. The expectation that laws about liberative prescription will not change is not a vested right. Anadarko Production v. Caddo Parish School Bd., supra; Producers Oil & Gas Co. v. Nix, 488 So.2d 1099 (La.App. 2d Cir.1986), writ denied 493 So.2d 641 (La.1986).
ASSIGNMENT OF ERROR # 3
Apparently appellant’s final argument is that the Louisiana Supreme Court has declared the three year redemptive period to be peremptive, and therefore it cannot be subject to interruption or suspension. We find his reasoning fallacious. None of the cases which concluded that the tax debtor’s continued possession of the property did not suspend or interrupt the running of the three-year redemptive period specifically classified the period as a peremptive one, insusceptible of suspension or interruption. DiGiovanni v. Cortinas, 216 La. 687, 44 So.2d 818 (1950); Resweber v. Jacob, 125 So.2d 241 (La.App. 3d Cir.1960); Bradford v. Patterson, 159 So.2d 342 (La.1963); Securities Mortgage Co., Inc. v. Triplett, supra. These cases simply held that the tax debtor-owner’s continued possession did not interrupt or suspend the running of the three-year redemptive period.
In Pounds v. Schori, 377 So.2d 1195 (La.1979), the court clearly pointed out that peremption is but a form or species of prescription. The court further noted that peremption is a common law term that has infiltrated our jurisprudence and is, in reality, the civil law equivilant of forfeiture. The court stated that:
The treatise writers are not in accord as to the difference between prescription and forfeiture. Planiol speaks of “fixed delays” that cannot be suspended or interrupted and considers the delay for the *739 action in disavowal to be in this category. Planiol, above, Secs. 704, 706. On the other hand, Baudry-Lacantinerie & Tissier, are of the view that “the doctrinal distinction between forfeiture and prescription is without practical significance.” They also argue against defining “a priori any difference between what are called forfeitures and what is (sic) called prescriptions.” Baudry-La-cantinerie & Tissier, Traite Theorique et Pratique de Croit Civil, Louisiana State Law Institute Translation (1972), Prescription, Section 39, page 26, Section 40, page 28. They conclude that each case should be examined separately. Id., Sec. 40.
Agreeing with the Baudry-Lacontinerie & Tissier approach, the court concluded that “each case of this nature should be considered separately on its merits, bearing in mind that the main consideration is the purpose sought to be achieved by the particular limitation period involved.” Id., at 1199, 1120.
As of 1978, the legislature has set forth the public policy that redemption is a favored remedy and the three year redemptive period does not begin to run against a tax-debtor in possession until he has first been dispossessed.[1] Laws of liberative prescription are inherently expressions of the legislature’s view of sound public policy, and the “shelter” provided by such laws is subject to legislative change and does not create a “fundamental” right in an individual. Anadarko Production v. Caddo Parish School Bd., supra.
We find no merit in any of the appellant’s assignments of error. The trial court was correct in holding that the three-year redemptive period of LSA-R.S. 47:2221 was suspended by the tax debtors’ continued open possession of the property.
Costs of this appeal are assessed to the appellant.
AFFIRMED.

. We note but do not consider the possible constitutional issue of whether the legislature can, by statute, modify the constitutionally established three year redemptive period which the Louisiana Supreme Court has previously interpreted to be incapable of being suspended or interrupted by the tax debtor’s continuing possession. This issue is not properly before us. The unconstitutionality of a statute must first be specifically pleaded and questioned in the trial court, not the appellate court. Lamire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984). The issue was not raised in the trial court nor is it raised in this court.