ODOM, Justice.
 

 A bill of information was filed against each of the defendants, Chester J. Coulon, Julius F. Hotard, William E. Strehle, Edward E. Feitel, and Vic A. Pitre, for violating the provisions of Act 259 of 1940. Each defendant filed a motion to quash the information against him (1) because the said information set forth no offense under the laws, statutes, or Constitution of the State of Louisiana, and (2) because Act 259 of 1940 is unconstitutional.
 

 The charge against the defendant Coulon was that, while holding and exercising the office of member of the School Board of Jefferson Parish, an office of profit in the executive department of the State of Louisiana, he did at the same time hold and exercise the position of clerk in the office of the clerk of the district court for the Parish of Jefferson.
 

 The charge against the defendant Hotard was that, while holding and exercising-the office of member of School Board in the Parish of Jefferson, an office of profit in the executive department of the State-of Louisiana, he did at the same time hold and exercise the position of clerk of the-City of Gretna, in the Parish of Jefferson.
 

 The charge against the defendant Strehlewas that while holding the office of police juror in the Parish of Jefferson, an office of profit in the executive department of the State of Louisiana, he did at the same-time hold the office of tax collector in the City of Gretna and was superintendent of' waterworks of said city.
 

 The charge against the defendant Feitel was that he, while holding the office of police juror in Ward 4 of the Parish of Jefferson, did at the same time hold the position of member of the Board of Commissioners of the Jefferson Parish Waterworks.
 

 The charge against the defendant Pitre was that he, while holding the office of Clerk of the District Court for the Parish of Jefferson, an office of profit in the judicial department of the State of Louisiana, did at the same time hold the position of Mayor of the Town of Westwego.
 

 These cases were consolidated in the District Court for the purpo'se of hearing the motions to quash the informations, and, since each of them presents the same question of law, they were submitted as one case in this Court. The trial judge sus
 
 *1063
 
 tained' the motion to quash in each case on the ground that the informations did not charge an offense under Act 259 of 1940. Later on, counsel for both the state and for the defendants requested the judge to pass on the constitutionality of the act. He did so and held that the act was unconstitutional.
 

 Section 1, Act 259 of 1940, p. 1061, after reciting that no member of Congress or person holding or exercising any office or position or employment of profit under the United States shall hold or exercise any office or position or employment of profit under the State of Louisiana, goes on to provide : “ * * * and no person holding or exercising any office, position or employment of profit in one of the three departments of government of the State of Louisiana shall hold or exercise another office or position or employment of profit in that department or in any other department of the State of Louisiana
 
 or in any
 
 parish,
 
 municipality or Board, Commission or subdivision of the State.”
 
 (Italics ours.)
 

 Defendants were prosecuted under the above quoted clause of the act. What that clause means is this: That no person shall hold or exercise at the same time more than one office, position, or employment of profit in any one of the three departments of the state government; that no person who holds or exercises an office, position, or employment of profit in one of the three departments of the state government shall at the same time hold or exercise another office, position, or employment of profit in either of the other two departments; that no person who holds or exercises an office, position, or employment of profit in either one of the three departments of the state government shall at the same time hold or exercise an office, position, or employment of profit in any parish, municipality or board, commission, or subdivision of the state.
 

 Assuming, as we must, that the Legislature used language which conveyed its object, aim, or purpose, it is perfectly clear that the Legislature did not intend to make it unlawful for a person who holds an office in one of the local political subdivisions of the state or a state board or commission to hold at the same time an office, position, or employment in another political subdivision, board, or commission.
 

 The reason is that according to the language of the act, the Legislature intended to make a distinction between the holding of an office in a department of the state government as defined by the Constitution and the holding of an office in a local subdivision of the state or any local board or commission, created by the Legislature. Parishes, municipalities, road districts, irrigation districts,- drainage districts, etc., are political subdivisions of the state, created not by the Constitution but by the Legislature. School boards and other boards and commissions mentioned in the act are not local subdivisions of the state but are, like the local subdivisions mentioned above, created by the Legislature. These local subdivisions and boards are mentioned in the act, which act cannot be construed to mean that it shall be unlawful for a person to hold at the same time two' offices in these local subdivisions
 
 *1065
 
 and boards. But it does provide that one who holds an office in “one of the three departments of government of the State” shall not hold at the same time another office in that department “or in any other department of the State * * * or in any. parish, municipality or Board, Commission or subdivision of the State.” In other words, it is unlawful for a person to hold an office in any one of the three departments of government of the State of Louisiana and at the same time hold an office in any of the local political subdivisions or boards of the state. .
 

 Section 1, Article II, of the Constitution, reads as follows: “The powers of the government of the State of Louisiana shall be divided into three distinct departments— legislative, executive, and judicial.” '
 

 Section 1, Article III, of the Constitution, under the heading of “Legislative Department”, provides : “The legislative power of the State shall be vested in' a Legislature, which shall consist of a Senate and a House of Representatives.”
 

 Article V of the Constitution has to do with the “Executive Department” of the state, and Section 1 provides that: “The executive department shall consist of a Governor, Lieutenant Governor, Auditor, Treasurer, Secretary of State, Register of the Land Office, Commissioner of Agriculture and Immigration, and Commissioner of Conservation.”
 

 Article VII of the Constitution applies exclusively to the “Judicial Department” of the state government, and Section 1 provides that: “The judicial power shall be vested in the Supreme Court, in Courts of Appeal, in District Courts, and in such other courts as are hereinafter provided.”
 

 These are the departments of the state government referred to in Section 1, Act 259 of 1940, wherein it is provided that no person shall at the same time hold two offices in any one of the three “departments of government of the State,” etc.
 

 While local subdivisions and boards created by the state may have some connection with one of the departments of the state government as ■ defined by the Constitution, they are not “departments of state government” within the intent and meaning of the act.
 

 The language of the Act shows that the Legislature intended to make a distinction between the “departments of government of the State” and local political subdivisions of the state such as parishes and municipalities, boards, such as the school board; the reason for the distinction being, we think, that such local subdivisions and boards, instead of being departments of the state government as defined by the Constitution, are creatures of one of those departments of the state government, the Legislative Department.
 

 The ruling of the judge sustaining the motion to quash on the ground that the information did not charge a violation of Act 259 of 1940 was correct'. For that reason defendants have no interest in challenging the constitutionality of the act. They are not affected by it. The trial judge having sustained the motion to quash on the above ground, the question as to whether the act is unconstitutional passed
 
 *1067
 
 out of the case. Therefore, his ruling that the act is unconstitutional must be set aside.
 

 For the reasons assigned, the judgment appealed from sustaining the motion to quash the informations on the ground that they set out no offense under the act is affirmed. The judgment holding that Act 259 of 1940 is unconstitutional is set aside.