### CREEKMORE v. PUBLIC BELT RAIL-ROAD COMMISSION OF NEW ORLEANS et al.
### No. 10552.

Circuit Court of Appeals, Fifth Circuit.
March 30, 1943.

Martin F. O'Donoghue, of Washington, D. C., Bentley G. Byrnes, of New Orleans, La., and James J. Farnan, of South Bend, Ind., for appellant.

Alfred C. Kammer, of New Orleans, La., for appellees.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

McCORD, Circuit Judge.

Action was brought against the Public Belt Railroad Commission of New Orleans and the City of New Orleans to recover additional compensation, liquidated damages, and attorneys' fees under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201–219. The suit was filed on behalf of five railway maintenance employees who had been paid wages of 30¢ per hour after the promulgation and issuance of a wage order fixing a minimum wage rate of 36¢ per hour for the railroad carrier industry.

The City of New Orleans and the Public Belt Railroad Commission for the City of New Orleans moved to dismiss the complaint for failure to state a claim upon which relief could be granted. After a hearing the court dismissed the complaint, holding that the City of New Orleans is a political subdivision of the State of Louisiana; that the Public Belt Railroad Commission is a department of the City; and that the employer-employee relationship involved is within the exclusion of Section 3(d) of the Fair Labor Standards Act: "(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State * * *."

The five employees named in the complaint work for the Public Belt Railroad in New Orleans. The City of New Orleans owns, controls, and operates the railroad by and through one of its departments, the Public Belt Railroad Commission for the City of New Orleans. Davis v. New Orleans Public Belt R. R., 155 La. 504, 99 So. 419, 31 A.L.R. 1303; Solomon v. City of New Orleans, 156 La. 629, 101 So. 1; Higginbotham v. Public Belt Railroad Commission, 192 La. 525, 526, 188 So. 395. The City of New Orleans is a political subdivision of the State of Louisiana. State v. Coulon, 197 La. 1058, 3 So. 2d 241; State v. Maitrejean, 193 La. 824, 192 So. 361.

The exclusion provision of Section 3(d) of the Fair Labor Standards Act is couched in plain and unambiguous language and should be given effect as it is written. Appellant strongly contends, however, that because of the remedial nature of the Act it was the legislative intent to include within its coverage employees such as those working for the Public Belt Railroad Commission for the City of New Orleans; that in operating the railroad the City of New Orleans acts in a purely proprietary capacity; and that employees of the railroad should be within the coverage of the Act.

In construing the Act the duty of the Court is to determine what employers and employees are within its coverage, not what employees "should" have been covered, for the question of who "should" be covered is a matter solely within the province of the legislative branch of the government. The language of Section 3(d) being plain, its meaning clear, the result reasonable, we see no reason for resorting to extraneous considerations in an effort to construe and give to such language another and different meaning. Cf. Helvering v. New York Trust Co., 292 U.S. 455, 54 S.Ct. 806, 78 L.Ed. 1361; United States v. Mo. Pac. R. Co., 278 U.S. 269, 49 S.Ct. 133, 73 L.Ed. 322.

The City of New Orleans being a political subdivision of the State of Louisiana, and the Public Belt Railroad Commission being one of its duly authorized, functioning departments, we think it clear that the employer-employee relationship between these employees and the City and its Commission falls squarely within the language of Section 3(d) which in defining

578

"employer" excludes "any State or political subdivision of a State".

In October, 1938, the Administrator of the Wage and Hour Division of the Department of Labor was asked to express an opinion as to the "applicability of the Fair Labor Standards Act to the Public Belt Railroad System operated through the Public Belt Railroad Commission for the City of New Orleans". By letter of July 10, 1939, the Assistant General Counsel of the Department, by direction of the Administrator, answered the letter and stated: "If the Public Belt Railroad System is wholly owned and controlled by the City of New Orleans a political subdivision of the State of Louisiana, through the Public Belt Railroad Commission for the City of New Orleans, it is our opinion that the employees of the Public Belt Railroad System are not subject to the Act by reason of the provision quoted above contained in Section 3(d)."

This opinion, while not binding on the courts, is persuasive. Furthermore, we think it correctly construes and applies Section 3(d) of the Act to the facts of this case. Dismissal of the complaint was proper.

Affirmed.