LOUIS H. YARRUT, District Judge, Judge ad hoc.
Plaintiff prosecutes this appeal from a judgment refusing to enjoin defendant from retiring him as a part-time medical employee. In justifying its discharge of plaintiff, defendant invokes the provisions of Act 54 of 1958 (LSA-R.S. 42:691), while plaintiff invokes the provisions of Act 54 of the 1959 fiscal session (now LSA-R.S. 17:634). The provisions of the respective Acts are quoted as follows: (Act 54 of 1958):
“A. Effective January 1, 1959, any employee of the State of Louisiana, or any political subdivision thereof, ex *275 cept elected officials and department heads appointed and commissioned by the Governor, who is insured under the Federal Social Security Law, or who is a member of any public employees’ retirement system, and for whom the State or any political subdivision thereof has made or is liable for contributions toward his retirement, who shall have attained the age of sixty-five years shall be separated from the public service by his appointing authority if such employee is eligible for retirement under either the Social Security Act or the retirement system of which he is a member. If such employee is not eligible for retirement under either the Federal Social Security Act or the retirement system of which he is a member separation shall occur whenever he shall become eligible for retirement under either system or upon attainment of age seventy, whichever event shall first occur. In any case in which the appointing authority certifies that the continuance in service of the employee who shall have attained the age of sixty-five or over would be advantageous to the public service by reason of his expert knowledge and qualifications, such employee may be continued in the public service by his appointing authority beyond the age of sixty-five for periods of one year.” (Emphasis ours.)
Act 54 of 1959 (LSA-R.S. 17:634):
“No member may continue in active service beyond the end of the fiscal year in which he attains the age of sixty-eight, * * * and provided, further, that no part-time medical employee of any school board in this state, whether or not a member of any retirement system, including the Orleans Parish Teachers’ Retirement System, shall be subject to this or any other law fixing a mandatory retirement age. * *
There is no dispute about the facts, which are conceded as follows:
Plaintiff was appointed by defendant on January 15, 1939, as Director of its Department of Hygiene and Child Welfare, and was required to devote only three hours daily to his duties. He was permitted to, and did, practice privately as a physician. Plaintiff is not a member of the Orleans Parish Teachers’ Retirement System but, in 1952, defendant signed an agreement with the Public Employees Board of Louisiana under which certain of its employees were covered by the Federal Old Age and Survivors Insurance Law, 42 U.S.C.A. § 401 et seq. In 1955 defendant authorized the extension of the 1952 agreement to cover additional employees, including plaintiff, who was advised of his inclusion.
In December, 1958, in conformity with LSA-R.S. 42:691 of 1958, defendant notified plaintiff of his retirement, effective January 1, 1959. Later, at its January meeting, defendant deferred plaintiff’s retirement until June 30, 1959, at plaintiff’s request, in order to give him time to prepare his department for his successor. Plaintiff was born in August, 1887.
Defendant concedes that, since his employment in 1939, plaintiff has performed his duties with complete satisfaction and skill.
Defendant contends that the Act of 1958 made plaintiff’s retirement mandatory and compulsory on January 1, 1959, and that the Act of 1959 did not affect such retirement which was then a fait accompli, or, in the alternative, that the 1959 statute is unconstitutional for various reasons, insofar as it is sought to affect plaintiff.
Plaintiff argues that the 1959 statute is the only statute that governs his tenure, because the 1958 statute has no application to him as he was not an employee of a political subdivision of the state.
Plaintiff’s contention that the Orleans Parish School Board is not a political subdivision of the state is not well founded. Chase v. Pointe Coupee Parish School Board, La.App., 89 So.2d 466.
*276 The case of State v. Coulon, 197 La. 1058, 3 So.2d 241, 243, cited by counsel for plaintiff, is not apposite. In the cited case the Supreme Court held:
“While local subdivisions and boards created by the state may have some connection with one of the departments of the state government as defined by the Constitution, they are not ‘departments of state government’ within the intent and meaning of the act.
“The language of the Act shows that the Legislature intended to make a distinction between the ‘departments of government of the State’ and local political subdivisions of the state such as parishes and municipalities, boards, such as the school board; the reason for the distinction being, we think, that such local subdivisions and boards, instead of being departments of the state government as defined by the Constitution, are creatures of one of those departments of the state government, the Legislative Department.”
This relegates us to the retirement provision of the 1958 statute requiring plaintiff’s discharge as of January 1, 1959, since he was well past the age of 65. There can not be any doubt that the defendant was compelled to retire plaintiff at the age of 65. The 1958 Act is not only mandatory but compulsory, and plaintiff was, in effect, discharged by operation of law on January 1, 1959.
It could be argued that the word “shall”, is sometimes construed to be “may” and not mandatory, and that where doubt exists, the legislative intent must be ascertained. The title of the Act of 1958 leaves no doubt of its mandatory effect since it reads:
“An Act to Require that all employees of the State of Louisiana or any political subdivision thereof * *, shall be compelled to retire at age sixty-five if eligible for retirement either under any public employees retirement act or the Federal Social Security Act * * (Emphasis ours.)
That defendant permitted plaintiff to remain as a part-time employee after his compulsory retirement on January 1, 1959, for an additional period of six months, in order to permit him to prepare for his successor, is fully authorized by the provisions of section 1 of the Act of 1958, reading as follows:
“ * * * In any case in which the appointing authority certifies that the continuance in service of the employee who shall have attained the age of sixty-five or over would be advantageous to the public service by reason of his expert knowledge and qualifications, such employee may be continued in the public service by his appointing authority beyond the age of sixty-five for periods of one year.”
While defendant was compelled as a ministerial duty to discharge plaintiff on January 1, 1959, since he had long since reached the age of 65, it retained discretionary power to continue his employment for periods not to exceed one year. Here, the action of defendant must be construed as the employment of plaintiff for an additional period, far beyond his 65th birthday, for a period of six months; or less than the one-year period allowed by the Act. This action was within the discretion of defendant; hence, defendant cannot be compelled to retain him further.
Since plaintiff was separated' from defendant’s service on January 1, 1959, by the mandatory and compulsory provisions of the Act of 1958, and was only continued by sufferance and at the discretion of the Board until June 30, 1959, the Act of 1959 cannot apply because, even if constitutional, it could have no retrospective effect.
 Statutes are always given a prospective, and not a retrospective, effect, unless the language compels a different conclusion, except statutes which affect remedies and procedure. The Act of 1959 *277 does not pretend to be a remedial or proc§r dural statute; and in no manner indicates that its effect is to be retrospective.
Under the circumstances, it is not necessary to pass upon the constitutionality of the Act of 1959, and, for that reason, the judgment of the District Court denying plaintiff an injunction is correct.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., absent, takes no part.