Irby SPROUSE, Jr., and Kermit Stubble-field, Individually and on behalf of other inmate employees of the Federal Prison Industries, Inc., et al., Plaintiffs-Appellants,

v.

**FEDERAL PRISON INDUSTRIES, INC.,**
Defendant-Appellee.

No. 73–1470
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 18, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**2**

Hames & Hyatt, Wayne Hyatt, Atlanta, Ga., for plaintiffs-appellants.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

This appeal involves a back pay suit against the Federal Prison Industries, Inc., (FPI) brought by 187 inmates at the federal penitentiaries in Atlanta, Georgia, and Marion, Illinois. Alleging that the $.21–.51 hourly wage rate at which prisoners are compensated is substantially below the federal statutory minimum wage of $1.60 per hour, the inmates seek back wages, liquidated damages, and attorney's fees for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. §§ 201 et seq. Although Congress has seen fit to require every employer to pay all of its employees a certain minimum wage, the United States is expressly excluded from FLSA coverage. Accordingly, because the district court concluded that the prisoners' complaint is essentially against the United States, it dismissed their suit on the ground that the court lacked subject matter jurisdiction to entertain the case. We affirm.

The thrust of the prisoners' argument on appeal is two-fold. First, they contend that this action is not against the United States but rather against a wholly owned government corporation of a proprietary nature—self-sufficient, incorporated in the District of Columbia and, like a private corporation, managed by a board of directors. Citing Powell v. United States Cartridge Co., 1950, 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017, and Creekmoore v. Public Belt R. R. Comm., 5 Cir. 1943, 134 F.2d 576, the inmates attempt to bolster this argument by emphasizing that the FLSA government exclusion provision is couched in plain and unambiguous language and by stressing that exceptions to FLSA should be narrowly interpreted. Thus they reason that the clause of 29 U.S.C.A. § 203(b) excepting the United States from coverage does not encompass their complaint against FPI. Secondly, they argue that a comparison between the definitions of "employer" contained in the National Labor Relations Act, 29 U.S.C.A. § 152(2), the Social Security Act, 42 U.S.C.A. § 410(a)(6)(B)(i), and the Equal Employment Opportunity Act, 42 U.S.C.A. § 2000e(b)(1), with the FLSA definition of "employer," 29 U.S.C.A. § 203(d), demonstrates that Congress intended that employees of government corporations be included within the coverage of FLSA; for the exception clauses contained in the first three acts exclude employees of the "United States *or* any wholly owned government corporation," whereas FLSA only excludes employees of the "United States."

Although the plaintiffs' theory might have merit if some other government corporation were involved, their argument does not withstand critical analysis as far as FPI is concerned. In the first place FPI is not, as plaintiffs claim, a proprietary corporation whose goal is to make a profit. Rather FPI was organized for the purpose of maximizing the opportunity of inmates of all federal correctional institutions "to acquire a knowledge and skill in trades and occupations which will provide them with a means of earning a livelihood upon release." 18 U.S.C.A. § 4123. Congress made it clear that it was concerned with providing for the "proper government, discipline, treatment, care, rehabilitation, and reformation" of fed-

eral prisoners. 18 U.S.C.A. § 4001. Additionally, in laying the foundation for accomplishing its goal of providing inmates vocational training during their confinement and employment upon their release, Congress required (1) that FPI restrict the operation of its shops to "the production of commodities for consumption in such institutions or for sale to the departments or agencies of the United States, but not for sale to public in competition with private enterprise," 18 U.S.C.A. § 4122(a), and (2) that FPI operate a diversified program of industrial production which would "reduce to a minimum competition with private industry or free labor." 18 U.S.C.A. § 4122(b).

Moreover, we agree with the district court that this complaint is essentially one against the United States. It is now well established that the question whether a suit is against a sovereign is to be determined "not by the mere names of the titular parties but by the essential nature and effect of the proceeding." Ex parte New York, 1921, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057. If the "essential nature and effect of the proceeding" is such that "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration," Land v. Dollar, 1947, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209, then the suit is against the sovereign. Dugan v. Rank, 1963, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15.

It is abundantly clear from a reading of the applicable statutory provisions that, even though FPI is self-sufficient, the "judgment sought would expend itself on the public treasury." In pertinent part 18 U.S.C.A. § 4126 provides:

All moneys under the control of the Federal Prison Industries, or received from the sale of the products or by-products of such Industries, or for services of federal prisoners, shall be deposited or covered into the Treasury of the United States to the credit of the Prison Industries Fund and withdrawn therefrom only pursuant to accountable warrants or certificates of settlement issued by the General Accounting Office.

Additionally, 18 U.S.C.A. § 4007 provides:

The expense attendant upon the confinement of persons arrested or committed under the laws of the United States, as well as upon the execution of any sentence of a court thereof respecting them, shall be paid out of the Treasury of the United States in the manner provided by law.

Thus, though the prisoners vehemently deny it, "the conclusion is inescapable that the suit is essentially one designed to reach money which the government owns." Mine Safety Co. v. Forrestal, 1945, 326 U.S. 371, 375, 66 S.Ct. 219, 221, 90 L.Ed. 140.

The inmates' argument that Congress intended, by omitting from the exception clause of FLSA the phrase "or any wholly owned government corporation," to include within the ambit of the statute suits such as this one is also unpersuasive. Where, as here, a suit against an essentially non-proprietary government corporation is in essence a suit against the United States, "jurisdiction to grant relief depends wholly upon the extent to which the United States has waived its sovereign immunity to suit and . . . such a waiver cannot be implied but must be unequivocally expressed." United States v. King, 1969, 395 U.S. 1, 4, 89 S.Ct. 1501, 1503, 23 L.Ed.2d 52. Indeed, it is a fundamental principle of public law, affirmed by a long series of Supreme Court decisions, that no suit in any court can be maintained against the United States or against its property without the express authority of Congress. Stanley v. Schwalby, 1896, 162 U.S. 255, 269–270, 16 S. Ct. 754, 40 L.Ed. 960. It is equally well settled that since consent of the government to be sued is a relinquish-

**4**

ment of sovereign immunity, it must be strictly construed. United States v. Sherwood, 1941, 312 U.S. 584, 586 & 590, 61 S.Ct. 767, 85 L.Ed. 1058. In the case *sub judice*, there was no express congressional consent to suits against the United States under FLSA. Furthermore, any notion of implied waiver of government immunity is negatived by Congress' explicit provision for prisoner compensation in 18 U.S.C.A. § 4126. Section 4126 authorizes FPI to employ the Prison Industries Fund and any earnings that may accrue to the corporation

> in paying, under rules and regulations promulgated by the Attorney General, *compensation to inmates* employed in any industry or performing outstanding services in institutional operations, and compensation to inmates or their dependents for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution where confined. *In no event shall compensation be paid in a greater amount than that provided in the Federal Employees Compensation Act.* (emphasis added).

We are of the view that whatever right plaintiffs have to compensation is solely by congressional grace and governed by the rules and regulations promulgated by the Attorney General. *Cf.* Sigler v. Lowrie, 8 Cir. 1968, 404 F.2d 659. Moreover, in an analogous situation, the Supreme Court has held that federal prisoners do not have a right of action under the Federal Tort Claims Act because injury compensation is provided for them under section 4126. "[W]here there is a compensation statute that reasonably and fairly covers a particular group of workers, it presumably is the exclusive remedy to protect that group." United States v. Demko, 1966, 385 U.S. 149, 152, 87 S.Ct. 382, 384, 17 L.Ed.2d 258.

The district court's dismissal of this FLSA action is affirmed.

Affirmed.