William M. NICASTRO, et al., Plaintiffs,

v.

William J. CLINTON, et al., Defendants.

Civ. A. No. 94–0590 PLF.

United States District Court, District of Columbia.

April 28, 1995.

William M. Niscastro, et al., pro se.

Kimberly N. Tarver, Asst. U.S. Atty., District of Columbia, Washington, DC, for defendants.

*MEMORANDUM OPINION*

FRIEDMAN, District Judge.

William M. Nicastro and Roy D. Little are federal prison inmates housed at the United States Penitentiary in White Deer, Pennsylvania, who have brought a claim under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* ("FLSA") against the Executive Directors of Federal Prison Industries ("FPI"), among others.[1]

---

**1.** The defendants named in the complaint are:

William Jefferson Clinton, President of the Unit-

FPI was created to provide work to inmates confined in federal institutions. 28 C.F.R. § 345.10 (1994). Its statutory mandate limits FPI to providing products to federal penal and correctional institutions and to other federal departments and agencies, but not for sale to the public. 18 U.S.C. § 4122(a). It requires FPI to concentrate on using the greatest number of inmates as is reasonably possible without unduly interfering with private industry and the marketplace. 18 U.S.C. §§ 4122(a) and (b). All monies and profits received by FPI must be deposited into the Treasury of the United States to be used to pay for the administration of FPI programs, maintenance of FPI buildings and equipment, and vocational training and compensation of inmates. 18 U.S.C. § 4126.

Plaintiffs bring this action *pro se,* alleging that federal prisoners who work for FPI (1) are "employees" under the Fair Labor Standards Act, and (2) are entitled to a minimum wage because (3) FPI is a self-sustaining private corporation independent of the government. Plaintiffs also claim that FPI is required by statute to abide by federal procurement standards applicable to public contracts, particularly those standards pertaining to minimum wage.[2] Plaintiffs seek back pay, liquidated and punitive damages, and declaratory and injunctive relief. Defendants have moved to dismiss the amended complaint under Rule 12(b), Fed.R.Civ.P., or, in the alternative, for summary judgment under Rule 56, Fed.R.Civ.P. The Court has concluded that plaintiffs' complaint should be dismissed for failure to state a claim on which relief can be granted under Rule 12(b)(6).

## I. MOTION TO DISMISS

▆ In considering a motion to dismiss, the Court must assume the truth of the factual allegations of the complaint and liberally construe them in favor of the plaintiff. It may dismiss the complaint for failure to state a claim only if it appears that the plaintiff can prove no set of facts in support of his or her claim that would entitle the plaintiff to relief. *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 326, 111 S.Ct. 1842, 1845, 114 L.Ed.2d 366 (1991); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C.Cir.1994); *Kenneda v. United States,* 880 F.2d 1439, 1442 (D.C.Cir.1989). Although *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), and a plaintiff is entitled to all favorable inferences that may be drawn from his or her allegations, *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974), "a *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Henthorn v. Department of Navy,* 29 F.3d 682, 684 (D.C.Cir. 1994) (citation omitted).

## II. ANALYSIS

▆ The primary purpose of the FLSA is to provide workers with the minimum standard of living necessary for health, efficiency and general well-being. 29 U.S.C. § 202(a); *see Mitchell v. Robert DeMario Jewelry, Inc.,* 361 U.S. 288, 292, 80 S.Ct. 332, 335, 4 L.Ed.2d 323 (1960). The Act seeks to accomplish this goal by requiring employers to pay their employees minimum wages and overtime compensation for their work. 29 U.S.C. §§ 206(a)(1), 207(a)(1). The FLSA is also intended to prevent unfair competition through the use of unpaid labor. 29 U.S.C. § 202(a)(3). Plaintiffs argue that federal prisoners employed by FPI are "employees" covered by the minimum wage provisions of the FLSA.

---

ed States; Janet Reno, United States Attorney General; Kathleen Hawk, Director of the Bureau of Prisons; Les Aspin, former Secretary of Defense; and two unnamed Executive Directors of FPI.

**2.** Plaintiffs cite the Service Labor Act, 41 U.S.C. § 351 *et seq.,* the Davis–Bacon Act, 40 U.S.C. § 276a, and the Walsh–Healey Act, 41 U.S.C. § 35 *et seq.,* as applicable to FPI laborers.

Compl. at 16–30; Opp. Mem. at 32–37. These statutes apply to government contracts, however, not "intragovernmental transfers." 18 U.S.C. § 4124(c) ("sales by [FPI] are considered intergovernmental transfers ... reporting sales by [FPI] to the [Federal Procurement Data System] is to provide a complete overview of acquisitions by the Federal Government....").

**1130**

The FLSA defines an "employee" as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), and an "employer" as "any person acting ... in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The broad definition of "employee" is narrowed by the Act's exemption from coverage of an extensive list of workers, from executives to babysitters. 29 U.S.C. § 213(a). Plaintiffs correctly point out that prisoners are not on the list of workers who are specifically exempted by the FLSA. Many courts have questioned whether inmates are "employees" within the meaning of the FLSA, however. Concluding that the FLSA's definitions are vague, ambiguous and, as our court of appeals has said, "generally unhelpful," those courts have developed several tests to determine exactly which workers the FLSA covers. *Henthorn v. Department of Navy,* 29 F.3d at 684. *See, e.g., Hale v. Arizona,* 993 F.2d 1387, 1394–95 (9th Cir.1993) (en banc), *cert. denied,* —— U.S. ——, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993); *Vanskike v. Peters,* 974 F.2d 806, 808 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

Under the traditional four-factor economic reality test most often used in determining if a worker is an employee covered by the FLSA, the relevant inquiries are whether the alleged employer (1) had the power to hire and fire the employee, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Henthorn v. Department of Navy,* 29 F.3d at 684 (citing *Bonnette v. California Health & Welfare Agency,* 704 F.2d 1465, 1470 (9th Cir.1983)). When the economic reality test has been applied to prison labor, inmates generally have been found to fall outside the coverage of the FLSA. *See, e.g., Emory v. United States,* 2 Cl.Ct. 579, 580 (1983), *aff'd,* 727 F.2d 1119 (Fed.Cir.1983); *Vanskike v. Peters,* 974 F.2d at 810.[3]

■ The District of Columbia Circuit has recognized that the traditional economic reality test fails " 'to capture the true nature of [most prison employment] relationship[s] for essentially [it] presuppose[s] a free labor situation.' " *Henthorn v. Department of Navy,* 29 F.3d at 686 (quoting *Vanskike v. Peters,* 974 F.2d at 809). The court in *Henthorn,* distinguishing those rare cases in which a prisoner is voluntarily selling his or her labor, explained that

> in cases ... in which the prisoner is legally compelled to part with his labor as part of a penological work assignment and is paid by the prison authorities themselves, the prisoner may not state a claim under the FLSA, for he is truly an involuntary servant to whom no compensation is actually owed.

*Id.* The Court therefore held that

> a prerequisite to finding that an inmate has "employee" status under the FLSA is that the prisoner has freely contracted with a non-prison employer to sell his labor. Under this analysis, where an inmate participates in a non-obligatory work release program in which he is paid by an outside employer, he may be able to state a claim under the FLSA for compensation at the minimum wage. However, where the inmate's labor is compelled and/or where any compensation he receives is set and paid by his custodian, the prisoner is barred from asserting a claim under the FLSA, since he is definitively not an "employee."

*Id.* at 686–87. In our Circuit, therefore, a federal prisoner seeking to state a claim under the FLSA must at a minimum allege (1) that his or her work was performed without legal compulsion, and (2) that his or her compensation was set and paid by a source other than the Bureau of Prisons. *Henthorn v. Department of Navy,* 29 F.3d at 687.

Plaintiffs do claim that they were not compelled to work for FPI and that they con-

---

**3.** Examples of situations where prisoners have been held to be covered by the FLSA are found in two cases presenting very different facts from those in this case. *See Watson v. Graves,* 909 F.2d 1549, 1553–54 (5th Cir.1990) (inmates working outside the prison on work release pro-

gram were found to be "employees" of the outside company and protected by the FLSA); *Carter v. Dutchess Community College,* 735 F.2d 8, 13–14 (2nd Cir.1984) (inmate working as a tutor at community college which paid him directly could be "employee" under the FLSA).

tracted freely with FPI for their positions. Opp. Mem. at 41. This allegation is wholly unsupported both by the law and by the facts. The Bureau of Prisons runs inmate work programs to reduce inmate idleness and develop useful job skills and work habits to assist in post-release employment. 28 C.F.R. § 545.20. Physically and mentally able federal prisoners such as plaintiffs are legally required to participate in prison work programs. *Id.* Plaintiffs have not alleged that they are entitled to be excused from this mandatory correctional requirement. One of the possible Bureau of Prison work assignments is to Federal Prison Industries. *See* 28 C.F.R. § 545.20 *et seq.* FPI was organized specifically as a work program to aid the disciplinary and rehabilitative goals of the prison system and to utilize prison labor. *See Sprouse v. Federal Prison Industries, Inc.,* 480 F.2d 1 (5th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973); *see* 28 C.F.R. § 545.50.

The Court is unable to accept plaintiffs' assertion that the labor they perform for FPI is voluntary. Plaintiffs' failure to legitimately allege "employee" status under the FLSA renders them outside the ambit of the statute. *Henthorn v. Department of Navy,* 29 F.3d at 687. For these reasons, the Court concludes that Mr. Nicastro and Mr. Little's complaint fails to state a claim upon which relief can be granted under Rule 12(b)(6), Fed.R.Civ.P. Accordingly, the Court grants the defendants' motion to dismiss and dismisses all claims against them. An Order consistent with this Memorandum Opinion is entered this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Memorandum Opinion filed on this day, it is this 28th day of April, 1995, hereby

ORDERED that defendants' Motion To Dismiss is GRANTED; it is

FURTHER ORDERED that this case is DISMISSED with prejudice; and it is

FURTHER ORDERED that this case shall be removed from the docket of this Court.

SO ORDERED.