**William M. NICASTRO, et al., Appellants,**

**v.**

**Janet RENO, et al., Appellees.**

**No. 95–5152.**

United States Court of Appeals, District of Columbia Circuit.

May 31, 1996.

William M. Nicastro and Roy D. Little, pro se.

Eric H. Holder, Jr., United States Attorney, R. Craig Lawrence and Kimberly Nickelson Tarver, Assistant United States Attorneys, were on the motion for summary affirmance, for appellees.

Before: WALD, GINSBURG and TATEL, Circuit Judges.

Opinion for the court filed PER CURIAM.

## ON MOTION FOR SUMMARY AFFIRMANCE

PER CURIAM:

The question presented here is whether federal prisoners who work for Federal Prison Industries, Inc. (FPI) are "employees" entitled to receive the minimum wage under the Fair Labor Standards Act (FLSA), 29

---

U.S.C. § 201 *et seq.* We hold that they are not.

William M. Nicastro and Roy D. Little, federal prison inmates, applied for and were placed in industrial assignments with FPI in the United States Penitentiary at White Deer, Pennsylvania. They brought this claim under the FLSA against the Executive Directors of Federal Prison Industries, the Attorney General, and other federal officials, seeking compensation at the minimum wage rate. Applying *Henthorn v. Department of Navy*, 29 F.3d 682 (D.C.Cir.1994), the district court granted defendants' motion to dismiss under Rule 12(b)(6). We affirm.

 *Henthorn* sets the criterion for determining when prisoner-laborers are "employees" entitled to the minimum wage under the FLSA. To qualify, a prisoner must have "freely contracted with a non-prison employer to sell his labor." 29 F.3d at 686.

The district court properly determined that neither the law nor the facts support plaintiffs' assertion that the labor they perform for FPI is voluntary. The mandatory work requirement applies to all federal prisoners who are physically and mentally able to participate. Pub.L. No. 101–647, 104 Stat. 4914 (1990), cited at 18 U.S.C. § 4121 note (1994) (Mandatory Work Requirement for All Prisoners). While inmates can request an industrial work assignment with FPI instead of an institutional job, they have not freely contracted to sell their labor. Choosing where to work is not the same as choosing whether to work. At one task or another, the prisoner "is legally compelled to part with his labor as part of a penological work assignment," and, therefore, the complaint fails to state a claim under the FLSA. *See Henthorn*, 29 F.3d at 686.

The complaint fails under the second part of the *Henthorn* test as well, *see id.* at 686–87: Federal Prison Industries, Inc. is not a "non-federal employer." *Accord Sprouse v. Federal Prison Industries, Inc.*, 480 F.2d 1 (5th Cir.), *cert. denied,* 414 U.S. 1095, 94 S.Ct. 728, 38 L.Ed.2d 553 (1973). FPI is a government corporation designed to enhance the opportunity of federal inmates to learn trade and industrial skills. 18 U.S.C. § 4123 (1994). Its funds come from the United States Treasury and its profits return there. 18 U.S.C. § 4126(a). Rules and regulations promulgated by the Attorney General govern FPI's payment of compensation to inmates. 18 U.S.C. § 4126(c)(4).

Thus, the plaintiffs are barred from asserting a claim for compensation at the minimum wage because they have not met either of the prerequisites for "employee" status under the FLSA.

*So ordered.*