I2FOGG, Judge.
At issue in this severance tax case is whether a timber product known as “chip and saw” should be classified as “trees and timber” or “pulpwood” for purposes of assessing the proper Louisiana severance tax.
LSA-Const. Art. 7, § 4(B) provides that taxes may be levied on natural resources severed from the soil. The power to tax is vested in the Louisiana legislature. LSA-Const. Art. 7, § 1. Pursuant to this authority, the legislature enacted LSA-R.S. 47:631 et seq., the General Severance Tax Legislation, which provides, in part, for tax on timber severed from the soil in Louisiana. LSA-R.S. 47:633 establishes the rate of tax for “trees and timber” at two and one-quarter percent of the then current average stumpage market value of such timber and the rate of tax for “pulpwood” at five percent of the then current average stumpage market value of such pulpwood. That statute also provides that the then current average stumpage market value of the products will be determined annually on the second Monday of December by the Louisiana Forestry Commission and the Louisiana Tax Commission, meeting jointly.
During 1993 questions arose regarding the proper classification of a product called “chip and saw.” This product came into existence in the mid-1960’s when technological advances enabled the timber industry to use relatively small trees, in part, for the production of lumber; prior to that time these trees were used solely for the production of pulpwood. The process by which chip and saw is produced has been continually refined thereby increasing the yield of lumber and decreasing the yield of pulpwood. By 1993, chip and saw consisted of approximately equal parts of lumber and pulpwood. Since its inception chip and saw has been classified as pulpwood for severance tax purposes.
After considering the matter, the Forestry and Tax Commissions changed the classification of chip and saw fromlspulpwood to trees and timber, effective January 1, 1994. Raymond Palmer, a taxpayer domiciled in Vernon Parish, the Grant Parish Police Jury, the Ouachita Parish Police Jury, the Sabine Parish Police Jury, the Vernon Parish Police Jury, and the Police Jury Association of Louisiana sought to have this reclassification overturned by filing a Petition for a Writ of Mandamus and Rule to Show Cause in the Nineteenth Judicial District Court.
After hearing the matter, the trial court rendered judgment in favor of plaintiffs, finding the reclassification unconstitutional and vacating the action of the Forestry and Tax Commissions. In its written reasons for judgment, the trial court found that this was a reduction of a tax on timber historically considered pulpwood, further stating that LSA-R.S. 47:633, et seq. do not appear to grant the Forestry and Tax Commissions the power to reclassify trees from pulpwood to trees and timber.
The Louisiana Forestry Commission, the Louisiana Tax Commission, Boise Cascade, Inc., International Paper Company, Inc., Stone Container Corporation and Georgia-Pacific Corporation appeal that judgment contending the trial court erred in determining the action of the Forestry and Tax Commissions exceeded their authority and was, therefore, unconstitutional.
As originally set forth in the Revised Statutes of 1950, LSA-R.S. 47:633 established the rate of severance tax for pulpwood as follows: “On pulpwood, fifteen (15) cents per standard cord of four (4) feet, by four (4) feet, by eight (8) feet;” and the rate for timber was established by the type of tree per thousand feet, log scale. LSA-R.S. 47:633 as amended establishes only two categories for the severance tax on timber — (1) *741 trees and timber and (2) pulpwood. The appellees argue, and we agree, that the language in the original statute recognizing the distinction between pulpwood and timber by the measurements used, by the cord for pulpwood and by the thousand feet log scale for trees and timber, is applicable to the current statute. The general rule of interpretation is that provisions of an original Uact which are repeated in the body of an amendatory act, either in the same or equivalent words, are considered to be a continuation without change of the original law. Billiot v. B.P. Oil Co., 93-1118 (La.9/29/94) 645 So.2d 604.
The appellants argue that the method used to initially measure the separate forest products becomes inconsequential because all such measurements are eventually converted to the same measurement, that is, tons, to determine its market value. LSA-R.S. 47.633.3. This argument is not persuasive. The standard scale for the measurement of saw logs is the Doyle Log Rule. LSA-R.S. 3:4641. Further, LSA-R.S. 3:4€¾; provides that no person shall compute the measurement of saw logs for severance tax purposes by any other rule or scale than the Doyle Log Rule. The fact that board feet is eventually converted to tons does not negate the requirement of the legislature that the initial standard scale for the measurement of saw logs is the Doyle Log Rule.
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of the statutory provision is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter and a construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. It is reasonable to conclude that the legislature, in passing a statute, did not intend to abrogate any prior law relating to the same subject matter. Lieber v. Caddo Levee Dist. Bd. Of Com’rs, 27-267 (La.App. 2 Cir. 8/23/95); 660 So.2d 188, writ denied, 95-2355 (La. 12/8/95); 664 So.2d 427; LSA-C.C. art. 13. Accordingly, we must presume that when the legislature enacted the current version of LSA-R.S. 47:633.3 it had knowledge of LSA-R.S. 3:4641 and 4642 and recognized that the initial measurement required for saw logs did not affect the final measurement of all forest products in terms of tons.
|5The record reflects that chip and saw cannot be measured using the Doyle Log Rule. Chip and saw is measured in cords— four feet by four feet by eight feet — the same measuring scale utilized to measure pulpwood. Therefore, according to the statute, chip and saw cannot be consider a saw log. Pulpwood is also converted to tons for the purpose of assessing the severance tax on those natural resources, that fact alone does not change its character to trees and timber. Further, the record established that when the conversion factor for a cord of chip and saw was applied to tons it was the same as the conversion factor for a cord of pine pulpwood — both weighed 5,400 pounds or 2.7-tons. Whereas a thousand board feet of pine saw timber converted to 16,000 pounds or eight tons and a thousand board feet of hardwood saw timber converted to 19,000 pounds or nine and half tons.
Appellants’ arguments rely on the fact that the technology related to the chip and saw process has advanced to the point that it can provide an almost equal amount of lumber as pulpwood, thereby increasing its value. Irrespective of the technological advances in the process, the statutory requirements are clear. Chip and saw cannot initially be measured in the same manner as trees and timber which is a requirement for a forest product to be a saw log under LSA-R.S. 3:4641. Further, LSA-R.S. 47:633 only provides for two categories of forest products: (1) trees and timber and (2) pulpwood; it does not provide for a third category that is a mixture of both. For that reason, chip and saw has been classified as pulpwood and must remain there until it is reclassified by the legislature. The Forest and Tax Commissions’ reclassification of chip and saw to trees and timber, thereby lowering it severance tax rate from five percent to two and one-quarter percent was the levy of a new tax and therefore unconstitutional. That decision does not rest with them, it rests solely with the Louisiana legislature. Considering the disposition of *742 the above issue, we pretermit discussion of the remaining issues raised by the appellants.
|6For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against appellants.
AFFIRMED.
LOTTINGER, C.J., dissents and assigns written reasons.