Dear Mr. Karns,
You have requested our interpretation of the portion of LSA-R.S.22:1382 (A)(3)(c) underlined below. This interpretation impacts the term of years that a certificate of contribution can be used to offset a member's premium (license) tax liability. Specifically, you inquired whether the time period of the offset is limited to ten years.
LSA-R.S. 22:1382 (A)(3)(c) provides as follows:
 A certificate of contribution issued to a member company shall be offset against its premium tax liability in an amount not to exceed ten percent of the assessment for the year of assessment and not to exceed ten percent of the assessment per year for each succeeding year, not to exceed a total offset of one hundred percent for each assessment. During the calender year of issuance of a certificate of contribution, and yearly thereafter, a member shall at its option have the right to show a certificate of contribution as an asset in the form approved by the commissioner at percentages of the original face amount approved by the commissioner, equal to the unused offset as of each such calender year. (Underlining added.)
Louisiana Civil Code Articles 9 through 13 address the interpretation of laws. Specifically, LSA-C.C. Art. 11 "meaning of words" provides, "The words of a law must be given their generally prevailing meaning. Words of art and technical terms must be given their technical meaning when the law involves a technical matter." Moreover, LSA-C.C. Art. 12 "Ambiguous words" provides, "When the words of a law are ambiguous, their meaning must be sought by examining the context in which they occur and the text of the law as a whole."
For more clarification, we refer to how words and phrases are to be construed in the Louisiana Revised Statutes. Words and phrases are addressed at LSA-R.S. 1:3 and states:
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word `shall' is mandatory and the word `may' is permissive.
Webster's II New Riverside University Dictionary defines "succeed" (the root word of succeeding) as, "to follow next after in time or succession, especially to replace another in office or position." This is a common, ordinary language definition. By contrast, should the legislature have intended for the certificate of contribution to be applied in ten consecutive years then it should have used "consecutive" in the phrase in question. Webster defines "consecutive" as, "Successively following without interruption: continuous." For example, if we were to refer to the years 1996, 1997 and 2003 it could be said that these are successive years because they follow in order or next in time, but they are certainly not consecutive years.
A statute should be given, "a construction according to fair import of its words, taken in their usual sense, in connection with the context, and with reference to the purposes of the provision." State v. Truby, 211 La. 178, 186, 29 So.2d 758, 760
(La. 1947). The word "succeeding" is not used elsewhere in LSA-R.S. 22:1382 (A)(3)(c) so we cannot draw further connection from the immediate text and subject matter to which the word "succeeding" was used by the legislature. However, the last sentence of LSA-R.S. 22:1382 (A)(3)(c) states:
 During the calender year of issuance of a certificate of contribution, and yearly thereafter, a member shall at its option have the right to show a certificate of contribution as an asset in the form approved by the commissioner at percentages of the original face amount approved by the commissioner, equal to the unused offset as of each such calender year. (Underlining added.)
Pursuant to this sentence, the "member" has an annual option to show a certificate of contribution as an asset. There is no stated limitation on the number of years this option can be exercised. The only restriction given by the legislature is that the asset is expressed as a percentage of the original face amount equal to the unused offset. Accordingly, this unrestricted (by number of years) annual option supports reasoning that there was likewise no legislative intent to limit the number of years for a member to use a certificate of contribution to offset premium tax liability.
The legislature is presumed to have enacted each statute with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a statutory provision is to be determined by a consideration of the statute in its entirety and all other laws on the same subject matter. A construction should be placed on the provision in question which is consistent with the express terms of the statute and with the obvious intent of the legislature in enacting it. Palmer v.Louisiana Forestry Commission 96 0008 (La.App. 1st Cir. 1996),683 So.2d 739, 741; Hayden v. Richland Parish School Board554 So.2d 164, 167 (La.App. 2d Cir. 1989) writ Denied Feb. 16, 1990. "The meaning of a word in a statute must be determined in light of the statute as a whole." Reed v. Washington Parish PoliceJury, 518 So.2d 1044, 1046 (La. 1988). Furthermore when the law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. Art. 9.
In accord with this reasoning, we have examined the remainder of the Louisiana Insurance Code, that is Title 22 of the Revised Statutes. There is no indication from the remainder of the code that a certificate of contribution should be limited to ten consecutive years when being used to offset against the premium tax liability. An examination of the insurance code in total reveals several usages of the words "succeeding" and "consecutive." No special meaning other than ordinary usage was found for "succeeding" and often the word combination "next succeeding"[1] was used to add more clarification. Succeeding was never found to be a substitute for consecutive. The more precise word, "consecutive" was used when required for clarity.[2]
We see nothing in the historical and statutory notes to LSA-R.S.22:1382 that provides any assistance regarding legislative intent. Furthermore, in construing statutes, courts must assume that the legislature used language that conveyed its object, aim or purpose. State v. Coulon, 197 La. 1058, 1064, 3 So.2d 241, 243
(La. 1941).
This statute is not ambiguous. However, even if it were deemed to be ambiguous, the member company[3] could still assert the reasoning set forth by the majority in the early tax case ofState v. Standard Oil Co. of Louisiana, 188 La. 978, 992,178 So. 601, 605 (La. 1938). This case states,
 [I]t is the well-established and universal rule of law in the interpretation of statutes levying taxes that they are to be interpreted liberally in favor of the taxpayer and all doubts and ambiguities are to be construed against the State and in favor of the taxpayer. Moreover, if the act be susceptible of more than one reasonable interpretation, the one less onerous to the taxpayer must be adopted.
Furthermore, where a statute is susceptible of two constructions, courts will give the construction which best comports with the principles of reason, justice and convenience, for it is to be presumed that the legislature intended such exceptions to its language as would avoid injustice, oppression, or absurd consequences. Deroven v. Miller 614 So.2d 1304, 1308 (La.App. 3 Cir. 1993). If the offset time period is interpreted to exceed ten years then the increased potential for injustice and oppression will be avoided.
In summary, it is our interpretation that the phrase in question does not limit the offset period to ten years.
Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ________________________________ J. Bradley Overton Assistant Attorney General
JBO/wlp
[1] LSA-R.S. 22:168(J)(3) LSA-R.S. 22:35(10) LSA-R.S. 22:237(A)
[2] LSA-R.S. 22:173 (A)(4) LSA-R.S. 22:494
[3] Member company is the term for the company paying the premium tax liability that is used in LSA-R.S. 22:1382
(A)(3)(c)