Dear Representative Downer:
This office is in receipt of your request for an opinion of the Attorney General in regard to publication of minutes by a local Housing Authority. You indicate in Atty. Gen. Op. 96-263 this office found that a local housing authority was required to keep minutes which shall be made available within a reasonable time after the meeting, but opined that the Open Meetings Law did not require a local housing authority to publish its minutes in an official journal. However, it is your opinion that a local housing authority is required to publish its minutes in a newspaper. Therefore, you request that this office reconsider the latter opinion with regard to whether a local housing authority being a political subdivision of the state is required to publish its minutes under Louisiana law.
As you observe, Atty. Gen. Op. 96-263 concluded as follows:
 Therefore, it is the opinion of this office that the Housing Authority of the City of New Iberia is subject to LSA-R.S. 42:7.1 and must keep minutes of its meetings to be made available within a reasonable time after the meeting. However, this mandate does not require the Housing Authority to publish its minutes in an official journal.
You further note that R.S. 40:384 (16) provides as follows:
 "Local housing authority" or "authority" means a public body, corporate and politic, previously established, or to be established, by a municipality or a parish pursuant to the authority provided in this Chapter, exercising necessary and essential governmental functions for the purposes stated in this Chapter in matters of statewide concern, although its operations are local in nature. It is a political subdivision of this state, independent from the municipality or parish which established it or which may appoint some or all of its commissioners. Any reference in this Chapter to a local housing authority shall also be deemed to include a "housing authority" or a "regional or consolidated housing authority" unless the context clearly otherwise requires. "Local housing authority" also includes any housing authority established under prior law.
It is pertinent to recognize that R.S. 40:484 (16) was enacted pursuant to Act 1188 of 1997 wherein it established the Local Housing Authority as "a political subdivision of the state", but at the time that Atty. Gen. Op 96-263 was rendered, it was set forth in R.S. 40:391, "In each parish and in each city, there is hereby created a public body corporate and politic known as the housing authority of the city or parish." Accordingly, in Atty. Gen. Op 93-263, with reliance upon State v.Coulan, 3 So.2d 241, 197 La. 1058 (1941) that held local boards and commission while created by the Legislatures were not local subdivisions of the state, this office had stated that local housing authorities are not considered state agencies, and concluded, "In our opinion, housing authorities can be considered to be instrumentalities of municipal governments * * *." However, subsequently, in Atty. Gen. Op. 00-126 this office recognized pursuant to R.S. 40:381 that the statute defined a "local housing authority" as a political subdivision of this state, independent from the municipality which established it.
By amendment of the statutes pertaining to housing authorities, Atty. Gen. 93-263 is no longer applicable. Our opinion under the present law is that in accordance with R.S. 43:171 the housing authorities shall have the proceedings of their board published in a newspaper inasmuch as that statute provides as follows:
 A(1) Levee, drainage, subdrainage, road, subroad, navigation, and sewerage districts, or other political subdivisions of the state and parishes, shall have the proceedings of their board and such financial statements required by and furnished to the legislative auditor published in a newspaper. The newspaper shall be selected at their first meeting in June of each year for a term of one year.
We hope this sufficiently responds to your inquiry, but if we can be of further assistance do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr