Dear Mayor Thornton:
This office is in receipt of your opinion request of recent date wherein you ask the following two questions:
 1) Whether a conflict exists if the Winnfield City Attorney also serves as Assistant District Attorney for Winn Parish and;
 2) Whether it is permissible for the City of Winnfield to enter into contract with the Winn Parish District Attorney's Office to prosecute city court cases.
Our response is governed by an Opinion of the Attorney General dated August 19, 1960. Therein it is answered in the affirmative that a person serving as an assistant district attorney can also be employed as city attorney.
There is, however, a restriction that must be placed on such employment. According to Prohibitions, LSA-R.S. 42:63, an individual may not hold two full-time positions in the government of this state concurrently.
The restrictions placed on such employment, which are applicable, are found in LSA-R.S. 42:63(E). It states in pertinent part:
 E. No person holding full-time appointive office or full-time employment in the government of this state shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana.
Therefore, an individual may be employed as both assistant district attorney and as city attorney but one of the positions must be part-time.
To address your second question, assuming that you are asking if such a contract would violate any dual office holding or dual employment law, we find no violation. According to an Attorney General Opinion No. 93-709, dated December 27, 1993, if the relationship is one of contract rather than employment, then the provisions governing dual office holding and dual employment are not invoked.
Therefore it is permissible for the City of Winnfield to enter into contract with the Winn Parish District Attorney's Office to prosecute city court cases.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:____________________________ PAUL LEBLANC ASSISTANT ATTORNEY GENERAL
PL/kw/jy
OPINION NUMBER 60-240
Honorable W.J. Falgout, State Representative, Lafourche Parish, P.O. Box 424, Thibodaux, Louisiana.
You wish to know — 1. Whether an Assistant District Attorney can also be employed as City Attorney upon a monthly salary, and 2. Can an Assistant District Attorney at the same time hold the position as Attorney for the Lafourche Parish Levee Board.
In both of the above questions, we have been unable to locate any Court decision, nor any formal opinions of this office on the subject. We do find an opinion reported in the 1940-44 Reports and Opinions of the Attorney General at Page 2542, an opinion to the effect that an Assistant District Attorney can also serve as Secretary of a Reclamation District without violating the Dual Office Holding Act (R.S. 14:137) citing as authority State v. Coulon, 3 So.2d 241. We find nothing in the law dealing with the office of Assistant District Attorney which contains any prohibition against holding any other office, other than one in the three Departments of State Government, although under Article 19, Section 4 of the Constitution certain offices of profit may not be held by another officer, which of course has no reference to the penal provisions as contained in R.S. 14:137.
Inasmuch as it is our view that these additional services as Attorney do not involve the holding of another office in our opinion, in contemplation of the prohibitory provisions of the law, above referred to, it is our opinion that both of your questions are answered in the affirmative.
We desire to make the following comments with regard to the position of Attorney for the Lafourche Basin Levee District, and this authority to employ an Attorney is clearly provided for in R.S. 30:1034 as last amended by Act 277 of 1956. R.S. 42:261 as last amended by the Act 264 of 1952 which, in part, provides that the District Attorneys other than the Parish of Orleans shall ex-officio and without extra compensation be the regular Attorneys for State Boards and Commissions domiciled within their distrcts, does not affect R.S. 38:1034 with regard to the Lafourche Basin Levee District.
CARROLL BUCK.
OPINION NUMBER 93-709
RELEASED DECEMBER 27, 1993
77 OFFICERS — Local Municipal R.S. 42:61, R.S. 42:62(3).
If the relationship is one of contract rather than employment as defined in LSA-R.S. 42:63(2), then the provisions of LSA-R.S. 42:61, et seq., governing dual officeholding and dual employment are not invoked. A municipal police officer may contract to offer services as a court probational officer on his off-duty time.
Honorable Henry H. Lemoine, Jr. Judge, Pineville City Court Wards 9, 10, 11 Rapides Parish Pineville, LA 71361-3671
Dear Judge Lemoine:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for resolution.
You present the following issue for review:
May a city court contract with a full-time municipal police officer as court probational officer for services to be rendered in his off-duty time?
We find nothing in the statutes which would prohibit a municipal police officer from engaging in private employment in his off-duty hours. Further, since the latter relationship is contractual, there is no "employment" as defined in LSA-R.S. 42:62(3), which provides:
`Employment' means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof. LSA-R.S. 42:62(3).
Because the relationship is one of contract rather than "employment" as defined above, the provisions of the Dual Officeholding and Dual Employment Law, LSA-R.S. 42:61 et seq., are not invoked. This office is of the opinion that no legal obstacle exists preventing the simultaneous holding of both positions.
However, we do not issue an opinion regarding any possible ethical violations in this matter. This office defers to the State Ethics Commission on questions concerning the Code of Governmental Ethics, LSA-R.S. 42:1111, et seq. We refer you directly to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808, for an opinion in this regard.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ KERRY L. KILPATRICK Assistant Attorney General
Date Released: February 14, 2003